## MOON ET AL. *v.* CONLEY.

*Negligence — Hotel and bar — Care required toward patron — Liability — Assault and battery — By another patron or by employe.*

The proprietors of a hotel, and bar operated in connection therewith, owe to a patron the duty to exercise ordinary care to protect him from an assault and battery by another patron or by an employe, and are liable for the damages resulting from the assault and battery, if, by the exercise of ordinary care, they could have prevented the same.

(Decided January 21, 1918.)

ERROR: Court of Appeals for Lucas county.

*Mr. P. J. Phelan,* for plaintiffs in error.
*Mr. M. D. Merrick,* for defendant in error.

RICHARDS, J.   The plaintiffs in error, Harry H. Moon and Charles W. Boisoneau, were partners operating a hotel, and bar in connection therewith, on Huron street in the city of Toledo. One of their employes was a man named Charles Brown.   The original action, out of which this proceeding in error grows, was brought in the court of common pleas by Ernest O. Conley for the purpose of recovering damages for an assault and battery claimed to have been committed on him by Charles Brown, while an employe of Moon and Boisoneau, and in their place of business. The trial resulted in a verdict and judgment in favor of Conley against the defendants Moon and Boisoneau in the sum of two hundred ($200.00) dollars.   The plaintiff claimed that he was a guest and patron of the hotel and bar, that the assault

and battery was committed by Brown while a servant of the other defendants, and that this took place in the presence of the defendant Moon. The episode occurred on November 24, 1916, in the bar-room attached to the hotel operated by the defendants Moon and Boisoneau. Conley and Brown had been playing a game of cards, known as "rum." After playing one game peaceably a quarrel arose between them, and in that quarrel Conley was struck in or near the eye, and seriously injured. He contends that the defendants Moon and Boisoneau violated their duty to exercise ordinary care for his protection as a guest and patron in their place of business. The testimony, as is usual in cases of this character, is directly in conflict.

An examination of the charge to the jury discloses no error to the prejudice of the defendants below. In the course of the charge to the jury, the trial judge used the following language:

"Now, gentlemen, consider the evidence in the case, and if you find from the evidence that Brown assaulted Conley, that is, wrongfully struck him, and did this in the presence of the defendant Moon in the bar of the hotel, and the defendant Moon by the exercise of reasonable precautions upon his part could have prevented the alleged assault and injury, and did not do so, the plaintiff, Conley, is entitled to recover the damage he suffered thereby."

This, we think, is a fair statement of the law on the issues between the parties. It is substantially in accordance with the rule laid down in 14 Ruling Case Law, 506, 508, on the latter page of which we find this language:

"A proprietor of any public house of entertainment may be answerable for the act of one of his patrons as well as of his servant. He owes a duty to those that come to his place to protect them from insult and other annoyances or dangers. But by the great preponderance of authority, this duty is not absolute but is limited to the exercise of reasonable care, and the proprietor is liable only when he is negligent."

We take this to be a fair statement of the measure of duty resting on Moon and Boisoneau on the occasion under investigation. And while the evidence as to whether that degree of care was exercised is in serious conflict, yet we can not see that the finding of the jury is so manifestly against the weight of the evidence as to justify a reversal of the judgment. The evidence tends to show that, although Brown was an employe of the other defendants, he was not on duty that evening, but that he and the plaintiff, Conley, were both at the time patrons of the bar, which was being attended by the defendant Moon. Moon claims, in his testimony, that he did what he could to prevent the parties entering into the quarrel and to separate them, but this is in direct conflict with the testimony of the plaintiff, whose testimony is to the effect that he was assaulted by Brown in the presence of Moon, and that he, at numerous times, called on Moon for protection from Brown. The issues of fact between the parties were fairly submitted to the jury, and, finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

CHITTENDEN and KINKADE, JJ., concur.