BRASHEARS *v.* EBERSOLE, EXR., ET AL.

*Statute of frauds — Parol agreement by lessee to exercise purchase option — Section 8621, General Code — Quieting title as part performance.*

A contract not in writing made in open court by a lessee of real property, to the effect that the lessee will exercise the privilege of purchase under a lease which provides that the lessee shall have the privilege of purchasing the property for a specified sum, upon condition that a certain default judgment against the land be set aside and the rights of all the lessor's heirs in the property be determined, comes within the provisions of the statute of frauds, Section 8621, General Code, and the quieting of title to the property is not a sufficient part performance to take the case out of the operation of the statute.

(Decided March 14, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Wm. C. McLean,* for plaintiff in error.

*Mr. John V. Campbell* and *Mr. Ed. D. Schorr,* for defendants in error.

CUSHING, J. The action was for specific performance of a contract to purchase real estate. Alice Adkins leased the property in question to William Glenn, deceased. The lease provided that Glenn should have the privilege of purchasing the real estate at any time after the expiration of fifteen years, for the sum of $50,000. Alice Adkins by will gave the property to her children. For the purpose of paying all the other heirs of Alice Adkins, plaintiff in error, John Brashears, borrowed money from the Union Savings Bank & Trust Company, and gave a mortgage on the property in

question. On default of paying the sum borrowed, and interest, foreclosure proceedings were brought by the bank, and a default judgment taken. On December 20, 1918, a motion was made to set aside that judgment.

The amended petition recites that at the hearing of this motion John V. Campbell, an attorney, representing the executors of the will of William Glenn, agreed in open court as follows:

"That if said default judgment were set aside, and that if said John Brashears would make parties defendant, all the heirs of Alice Adkins, deceased, and had their rights determined in said case, that then, and in that event, the executors of the estate of William Glenn, deceased, would exercise their privilege of purchase under said lease."

The amended petition further states that the will of William Glenn directed his executors to complete the purchase of said lot according to the terms of the lease, and to carry out the plans agreed upon for building on said lot.

The executors demurred to this amended petition on the ground that it did not state facts sufficient to constitute a cause of action, and that the alleged contract set forth in the amended petition was within the statute of frauds and void. The court sustained the demurrer, and, the plaintiff not pleading further, judgment was entered against him.

Section 8621, General Code, reads:

"No action shall be brought whereby to charge the defendant, * * * or upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them; * * * unless the agreement upon which such action is brought, or some

memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

The agreement relied on was not in writing, and comes within the section of the statute above referred to. *Howard* v. *Brower,* 37 Ohio St., 402.

Plaintiff in error claims that part performance by him takes the case out of the statute of frauds. The part performance here relied on was the quieting of title to the property. It was not part performance under the lease, and, therefore, whatever performance there was did not take the case out of the statute of frauds. *Myers* v. *Croswell,* 45 Ohio St., 543.

On the question of what constitutes part performance to take a case out of the statute of frauds, see *Armstrong* v. *Kattenhorn,* 11 Ohio, 265, and *Sites* v. *Keller,* 6 Ohio, 484.

In this view of the case it will not be necessary to consider the authority relied on by counsel for plaintiff in error, where the vendor had fully performed on his part, as in *Randall* v. *Turner,* 17 Ohio St., 262.

The judgment of the court of common pleas, sustaining the demurrer, will, therefore, be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.