NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1640
_____

In re:  KEITH H. RESSLER,
                              Debtor


CHRISTINE C. SHUBERT, as Chapter 7 Trustee
for the Bankruptcy Estates of Keith Ressler
and Kenneth L. Ressler and Karen Ressler,
                                                    Appellant

v.

JACQUES H. GEISENBERGER, JR., PC;
JACQUES H. GEISENBERGER, JR.;
FRANCIS C. MUSSO, CPA, MPA, PC;
FRANCIS C. MUSSO, CPA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-11-cv-07762)
District Judge:  Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2014

Before:  FUENTES, FISHER and KRAUSE, Circuit Judges.

(Filed: February 13, 2015)

_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

Acting as Chapter 7 trustee for the bankruptcy estates of Keith Ressler, Karen Ressler, and Kenneth Ressler (collectively the "Resslers"), Christine Shubert appeals the order of the U.S. District Court for the Eastern District of Pennsylvania dismissing her complaint for professional negligence, breach of contract, breach of fiduciary duty, and contribution under the Maryland Securities Act against Jacques H. Geisenberger, Jr., P.C.; attorney Jacques H. Geisenberger, Jr.; Francis C. Musso, CPA, MPA, P.C.; and accountant Francis C. Musso, CPA (collectively "Appellees"). We will affirm.

I.

A.

We write principally for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts necessary to our analysis.

The Resslers formerly owned and served as directors and officers for Ressler Hardwoods & Flooring, Inc. ("RHF"), a flooring business incorporated in Pennsylvania.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

To alleviate cash flow problems during a time of financial distress, the Resslers sought to sell a 51% ownership interest in RHF to Maryland investor James Little for $1.2 million.

During negotiations in early 2007, the Resslers failed to provide Little the company's monthly financial reports and delivered Little a memorandum misrepresenting the extent to which RHF suffered financially. In July 2007, the Resslers requested and Little advanced $400,000 towards toward the purchase of RHF's shares contingent upon the successful negotiation of several agreements. To consummate the purchase, the Resslers engaged the legal, financial, and accounting services of Appellees—an individual attorney and his law firm (the "Geisenberger Defendants") and an individual accountant and his accounting firm (the "Musso Defendants").

Negotiations between the Resslers and Little subsequently broke down, and Little demanded that the Resslers return the $400,000 advance with interest. Instead, in alleged reliance upon the Appellees' direction, the Resslers issued Little shares in RHF in proportion to the funds advanced. The Resslers allege that Appellees did not advise them of their legal or financial obligations to Little with respect to the share issuance.

B.

In January 2008, Little filed suit against the Resslers and RHF in the U.S. District Court for the District of Maryland, alleging securities fraud in violation of the Maryland Securities Act, Md. Code Ann., Corps. & Ass'ns § 11-101 *et seq.* Several months later, RHF filed for bankruptcy in the U.S. Bankruptcy Court for the Middle District of

3

Pennsylvania (the "MDPA Bankruptcy Court"), where Little's case was then transferred. On March 19, 2010, the MDPA Bankruptcy Court entered a judgment for $400,000 plus interest against the Resslers and RHF, jointly and severally, for material misrepresentations and intentional omissions in connection with the share issuance. The Resslers did not oppose Little's motion to deem the judgment non-dischargeable and it was granted by default judgment.

In June 2010, the Resslers individually filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania ("EDPA Bankruptcy Court"). Shubert initiated an adversary proceeding against the Appellees in the EDPA Bankruptcy Court by reference from the U.S. District Court for the Eastern District of Pennsylvania, asserting claims of professional negligence, breach of contract, breach of fiduciary duty, and contribution under the Maryland Securities Act. Shubert alleged that the actions and omissions of Appellees caused the Resslers to lose the value of their interest as shareholders and investors in RHF and sustain a $400,000 judgment in bankruptcy, among other damages. In September and October 2011, the Geisenberger and Musso Defendants moved to dismiss. The District Court withdrew the reference consistent with a joint stipulation and the adversary proceeding was transferred to the District Court.

In connection with RHF's bankruptcy proceeding, RHF's trustee filed parallel claims against the Appellees. RHF's trustee and the Appellees ultimately settled their

4

claims, and the MDPA Bankruptcy Court approved the settlement agreements, which contained a mutual release of all claims, in June 2012 and July 2013.

The Geisenberger Defendants thereafter supplemented their pending motion to dismiss with a copy of its approved settlement agreement with RHF's trustee. The District Court granted the motion, finding that the Resslers' injuries were derivative of RHF's injuries and barred by the settlement agreement and release. On March 12, 2014, the District Court denied reconsideration of its order and simultaneously granted the Musso Defendants' motion to dismiss (as supplemented with its settlement agreement) for the same reasons. This timely appeal followed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 157 and 28 U.S.C. § 1334. We exercise jurisdiction over the District Court's final order under 28 U.S.C. § 1291.

Our review of a District Court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is plenary.[1] "We must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."[2]

---

[1] *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).
[2] *Id.*

5

III.

The derivative injury rule, relied on by the District Court, is a principle of standing that "holds that a shareholder . . . may not sue for personal injuries that result directly from injuries to the corporation."[3] The rule is premised on the separate legal existence of a corporation, in which shareholders shield themselves from the corporation's liabilities and may not pierce the corporate veil in reverse to recover individually from the corporation's losses.[4] Accordingly, under established Pennsylvania law,[5] a shareholder can avoid the derivative injury rule "[i]f the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation . . . ."[6]

Shubert alleges that the Resslers were individually injured in two ways: (A) first, that they were exposed to personal liability in the form of a joint-and-several judgment; and (B) second, that the Appellees breached individual professional, contractual, and fiduciary duties. We discuss each exception to the derivative injury rule in turn and conclude, like the District Court, that an individual injury has not been adequately pled.[7] As such, Shubert's claims are derivative in nature and cannot be maintained directly.

---

[3] *In re Kaplan*, 143 F.3d 807, 811-12 (3d Cir. 1998) (applying Illinois law).
[4] *Id.* at 812.
[5] To determine the derivative status of claims, we apply the law of the state of incorporation. *See* 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2014).
[6] *Fishkin v. Hi–Acres, Inc.*, 341 A.2d 95, 98 n.4 (Pa. 1975) (internal quotation marks omitted).
[7] Because the derivative status of Shubert's claims decides the issues on appeal, we need not reach Appellees' alternative grounds that their actions were not the proximate cause of the Resslers' actions giving rise to Little's lawsuit.

## A.

"To have standing to sue individually, the shareholder must allege a direct, personal injury—that is independent of any injury to the corporation—and the shareholder must be entitled to receive the benefit of any recovery."[8]  Shubert alleges that the $400,000 judgment entered against the Resslers jointly and severally is itself a form of direct injury that they are entitled to assert as shareholders.

Shubert fails to show, however, that the Resslers' injury is distinct from RHF's injury or that the Resslers are entitled to recovery on this basis.  The $400,000 judgment remedies the harm sustained by Little for RHF's violations of the Maryland Securities Act in connection with the share issuance; the Resslers were held jointly and severally liable for RHF's misconduct as *corporate officers* executing that transaction by function of Maryland law.[9]  This fact does not transform RHF's loss into direct, personal loss sustained by the Resslers as *shareholders*.  Just as shareholders lack standing for harms that arise out of corporate conduct on the basis of shared liability for corporate loans or tax liens, any such injury would be "dependent upon and derivative to the corporate injury."[10]  Thus, Shubert cannot assert direct claims on this basis.

---

[8] *Hill v. Ofalt*, 85 A.3d 540, 548 (Pa. Super. Ct. 2014).
[9] *See* Md. Code Ann., Corps. & Ass'ns § 11-703(c).
[10] *Ofalt*, 85 A.3d at 552.

B.

Some courts also "permit[] a cause of action in favor of the individual shareholder[] where the alleged wrong violates a duty owed directly to the shareholder."[11] This exception to the derivative injury rule covers "dut[ies] owed to the individual independent of the person's status as a shareholder . . . ."[12] Here, Shubert alleges that the Appellees owed the Resslers certain professional, contractual, and fiduciary duties because Appellees had long-standing relationships with the Resslers, represented the Resslers individually in the Little transaction, and acted as agents on behalf of the Resslers personally.

Conclusory assertions of supposed duties, however, will not survive a Rule 12(b)(6) motion.[13] The record makes clear that Appellees' professional services were retained by the Resslers on behalf of the corporate entity, RHF, in its attempt to issue stock to Little; indeed, the allegations within the complaint arise from the Geisenberger and Musso Defendants' purported role in that transaction. On the other hand, nowhere does the complaint adequately allege that the Resslers engaged Appellees' legal, accounting, or financial services for any reason *independent of* conducting RHF's business in the Little transaction or the Resslers' status as shareholders, officers, and directors of RHF. Thus, Shubert does not have standing to sue directly on this basis.

---

[11] *Cole v. Ford Motor Co.*, 566 F. Supp. 558, 569 (W.D. Pa. 1983).

[12] 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2014); *see also Ofalt*, 85 A.3d at 549 (reiterating this principle).

[13] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

IV.

Because Shubert failed to allege that the Resslers sustained an injury independent of the injury to RHF, we affirm the District Court's dismissal of the complaint under Rule 12(b)(6).

KRAUSE, *Circuit Judge*, concurring in the judgment.

While I join in my colleagues' decision to affirm, I respectfully cannot agree that the shareholder derivative injury rule, on which the majority and the District Court have relied, is what justifies that outcome. I concur, however, because the complaint, in any event, fails to adequately allege causation.

The derivative injury rule is a doctrine specific to plaintiffs who bring suits in their capacity as shareholders. It derives from the well-settled tenet that "[t]he legal fiction of corporate existence corresponds with the view that an injury to the corporate body is legally distinct from an injury to another person."[1] Thus, the rule prevents shareholders from recovering individually for an injury to the corporation as a whole,[2] but does not apply when the shareholder alleges "a direct, personal injury—that is independent of any injury to the corporation."[3]

Here, the complaint filed by Christine Shubert, as Trustee for the bankruptcy estate of Keith Ressler, Kenneth Ressler, and Karen Ressler (collectively the "Resslers"),

---

[1] *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 348 (3d Cir. 2001).

[2] *See In re Kaplan*, 143 F.3d 807, 811-12 (3d Cir. 1998); *see also Moffatt Enters., Inc. v. Borden Inc.*, 807 F.2d 1169, 1177 (3d Cir. 1986) (applying Pennsylvania law and finding that shareholders who alleged they "sustained actual and consequential damages" along with injuries to the corporation, had standing to bring individual claims of, among other things, breach of fiduciary duties).

[3] *Hill v. Ofalt*, 85 A.3d 540, 549 (Pa. Super. Ct. 2014) (quoting 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2013)); *see also Kaplan*, 143 F.3d at 811-12 ("The derivative injury rule holds that a *shareholder* (even a *shareholder* in a closely-held corporation) may not sue for personal injuries that result directly from injuries to the corporation.") (emphasis added).

alleges that, as a result of the malpractice of Appellees in advising the Resslers to issue stock to James Little, the Resslers were injured in two different ways: (1) the lost value of their investment in RHF; and (2) the $400,000 judgment that was entered against the Resslers in the Bankruptcy Court for the Middle District of Pennsylvania, pursuant to the Maryland Securities Act ("MSA").[4] I agree with the majority that the first injury gives rise to a classic shareholder claim that is barred by the derivative injury rule. Where we part company is that the second injury, in my view, does not.

In the bankruptcy action that led to the $400,000 judgment, Little sued Ressler Hardwoods and Flooring ("RHF") and the Resslers, alleging that they misrepresented RHF's financial condition in connection with the offer to sell Little 51% of RHF in exchange for $1.2 million. In addition to entering a $400,000 judgment against RHF for its violation of MSA § 11-703(a)(1)(ii), the bankruptcy court entered judgment against the Resslers under MSA § 11-703(c), which imposes joint and several liability on "every partner, officer, or director" of a liable company who does not affirmatively demonstrate that he or she "did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist."[5] As the Bankruptcy Court found, the Resslers were unable to meet this burden.

The $400,000 judgment entered against the Resslers thus was entirely independent of the Resslers' status as shareholders and, while joint and several with the company, was

---

[4] Md. Code Ann., Corps. & Ass'ns § 11-101 *et seq*.

[5] Md. Code Ann., Corps. & Ass'ns § 11-703(c)(1).

levied against the Resslers directly for the Resslers' own acts and omissions as officers—irrespective of whether they owned a single share of RHF stock. The judgment, in other words, was not an injury flowing through the corporation and affecting all shareholders; it was entered against the Resslers personally for their actions as joint tortfeasors in a securities fraud action. The derivative injury rule, therefore, is simply inapposite.

Even if the derivative injury rule did pertain, however, it would not bar Shubert's claims because they fit squarely into the exception for duties that are owed directly to the shareholder.[6] The majority deems that exception inapplicable on the grounds that "[c]onclusory assertions of supposed duties . . . will not survive a Rule 12(b)(6) motion" and "[t]he record makes clear that Appellees' professional services were retained by RHF."[7] But there was no opportunity to develop a record on this issue because Shubert's complaint was dismissed pursuant to Federal Rule 12(b)(6). For that very reason, at the motion to dismiss stage, a court "must accept as true all well-pleaded facts and allegations [from the complaint], and must draw all reasonable inferences therefrom in favor of the plaintiff."[8]

Here, Shubert's complaint expressly alleges that the Resslers themselves "engaged the legal services of Geisenberger and Geisenberger PC" and "engaged the financial services of Musso and Musso PC," and that "[s]uch engagement resulted in a legally

---

[6] *See Cole v. Ford Motor Co.*, 566 F. Supp. 558, 569 (W.D. Pa. 1983).

[7] Majority Op. 8.

[8] *Bell v. Cheswick Generating Station*, 734 F.3d 188, 193 n.5 (3d Cir. 2013).

3

binding and enforceable contract" between the Resslers and Appellees.[9] That is sufficient at the pleading stage to allege a direct duty owed to the Resslers, separate from and independent of any duties Appellees may have owed to RHF in connection with a separate or even joint representation of the corporate entity.[10] There is no requirement, as the majority would have it, that the complaint allege that *the subject matter* of the representation be "independent of RHF's business or the Resslers' status as shareholders, officers, and directors of RHF."[11] Rather, if there was an attorney-client relationship or accountant-client relationship between Appellees and the Resslers, as alleged in the complaint, Appellees' fiduciary and contractual duties would flow directly to the Resslers as clients, and the Resslers would have standing to bring suit for breach of those duties, regardless of the subject matter of the representation.[12]

---

[9] App. 17, ¶¶ 20, 23; App. 31, ¶ 117; App. 33 ¶ 130.

[10] Joint representation of an organization and an individual is permissible in Pennsylvania, where the Rules of Professional Conduct provide that "a lawyer for an organization may also represent a principal officer or major shareholder." Pa. R.P.C. 1.13 n.9.

[11] Majority Op. 8.

[12] *See Kroblin Refrigerated Xpress, Inc. v. Pitterich*, 805 F.2d 96, 104 (3d Cir. 1986) (recognizing that both the course of dealing and the conduct of parties "can evidence a contractual relationship between parties and thus can confer standing on an individual as a direct party to the agreement"); *Ofalt*, 85 A.3d at 549 (observing that when the issue is a "right belonging severally to the shareholder, or on a fraud affecting the shareholder directly, or where there is a duty owed to the individual independent of the person's status as a shareholder, it is an individual action") (quoting 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2013)); *Bancroft Life & Cas., ICC, Ltd. v. Lo*, 978 F. Supp. 2d 500, 508 (W.D. Pa. 2013) (recognizing that "Courts around the country have held that a shareholder may bring an individual suit if the defendant has

4

Despite my disagreement with the majority's rationale, however, I agree with its conclusion because the complaint fails to adequately plead causation. The MSA judgment relates to specific misrepresentations and omissions made by RHF and Keith Ressler between March 2007 and July 2007 that induced Little to invest $400,000 in July 2007.[13] Shubert's complaint, however, claims that Appellees committed malpractice by improperly "devis[ing] a plan" and advising the Resslers to issue RHF shares to Little in October 2007 in proportion to the $400,000 that he had by that point invested.[14] In other words, the misdeeds that gave rise to the $400,000 judgment were distinct from and significantly predated the stock issuance scheme that forms the basis for Shubert's malpractice action. The complaint, by its own terms, therefore fails to adequately plead that Appellees' alleged malpractice, *i.e.*, their advice concerning that stock issuance scheme, was the cause of the alleged injury, *i.e.*, the $400,000 judgment entered against the Resslers.[15]

For these reasons, I join my colleagues in affirming the judgment of the District Court.

---

violated an independent duty to the shareholder, whether or not the corporation may also bring an action").

[13] App. 202-07; *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("[I]n addition to the allegations in the complaint," a court considering a motion to dismiss may properly examine "public records, including judicial proceedings" such as "another court's opinion.").

[14] App. 25, ¶ 76.

[15] *See* App. 18-19.