NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2163

_____

UNITED STATES OF AMERICA

v.

HERMAN ROSARIO
a/k/a German Rosario,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-17-cr-00553-001)
District Judge: Honorable R. Barclay Surrick

_____

Submitted under Third Circuit LAR 34.1(a)
On January 24, 2020

Before: AMBRO, MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed: December 10, 2020)

_____

OPINION[*]

_____

ROTH, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After conditionally pleading guilty to several drug-related offenses, Herman Rosario appealed the District Court's order, denying his motion to suppress evidence seized from one of three locations, searched by the police. For the reasons that follow, we will affirm the order of the District Court.

I.[1]

On October 11, 2017, a grand jury returned an indictment charging Rosario with (1) conspiracy to distribute heroin, (2) possession with intent to distribute heroin, (3) possession of a firearm in furtherance of drug trafficking, and (4) possession of a firearm by a convicted felon, based on evidence seized during June and July 2017 from three locations in Philadelphia: 1908 East Wishart Street, 2863 North 4th Street, and 1611 South 28th Street. Before trial, Rosario and his co-defendant moved to suppress the evidence seized from 1611 South 28th Street, arguing that the search warrant for that location was not supported by probable cause and that the good faith exception did not apply to permit the admission of evidence seized through the invalid warrant.

The application for the search warrant was filed on July 12, 2017, by Officer Neil Carr, a veteran for over thirteen years in the Philadelphia Police Department narcotics unit. The affidavit accompanying the application averred that in June 2017 law enforcement conducted an investigation into the illegal sale of narcotics in the area of Jasper and Wishart Street. The investigation established that Rosario was supplying narcotics sold in the area to an accomplice, who would then provide the narcotics to street

---

[1] We write primarily for the parties who are familiar with the facts and the record, which we recite only as necessary to explain our decision.

dealers and pay Rosario sums of cash at 1908 East Wishart Street. In addition, Rosario was observed traveling on multiple occasions from 1908 East Wishart Street to 2863 North 4th Street after receiving money from his accomplice, and from 2863 North 4th Street to 1908 East Wishart Street to provide his accomplice with what is believed to be narcotics.

Based on the evidence from that investigation, warrants were executed for 1908 East Wishart Street and 2863 North 4th Street, where law enforcement found large amounts of narcotics, nearly $20,000 in cash, a handgun, and two pictures of Rosario. Law enforcement then received a description of Rosario's vehicle and information indicating that Rosario was staying at 1611 South 28th Street. After setting up surveillance around that house, law enforcement observed Rosario going in and out every day for four days and operating a vehicle that fit the provided description. Based on these representations in Officer Carr's affidavit, a search warrant for 1611 South 28th Street, seeking narcotics, records of drug activities, proceeds from drug sales, and firearms, was approved on July 13 and executed the next day. Over a kilogram of various narcotics, drug packaging and drug-dealing paraphernalia, cash, and a loaded firearm were uncovered during the search.

The District Court denied Rosario and his co-defendant's motion to suppress evidence seized from 1611 South 28th Street, holding that the affidavit provided substantial basis to support probable cause and that in the alternative, the good faith exception would have permitted the admission of the evidence seized from that location. Rosario subsequently entered into a plea agreement admitting guilt to all counts while

3

preserving his right to appeal the denial of his motion to suppress evidence. After he was sentenced, he appealed.

## II.

"We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings, and we exercise plenary review of its application of the law to those facts."[2] "[A] search warrant, supported by probable cause, is normally necessary before law enforcement may lawfully search a person's property."[3] In reviewing a challenge to a magistrate's probable cause determination, our role is simply to ensure that "the magistrate had a substantial basis for concluding that the affidavit supporting the warrant established probable cause."[4] Probable cause exists "when, viewing the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[5]

In the context of drug-dealing activities, we have observed that "evidence of involvement in the drug trade is likely to be found where the dealers reside."[6] However, we have also recognized that this inference hinges on three premises: "(1) that the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is

---

[2] *United States v. Williams*, 898 F.3d 323, 328–29 (3d Cir. 2018) (quoting *United States v. Bansal*, 663 F.3d 634, 651-52 (3d Cir. 2011)), *cert. denied*, 139 S. Ct. 1351 (2019) (internal quotation marks omitted).
[3] *United States v. Burton*, 288 F.3d 91, 102 (3d Cir. 2002).
[4] *United States v. Stevenson*, 832 F.3d 412, 428–29 (3d Cir. 2016) (quoting *United States v. Miknevich*, 638 F.3d 178, 181 (3d Cir. 2011) (internal quotation marks omitted).
[5] *Miknevich*, 638 F.3d at 182 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (internal quotation marks omitted).
[6] *United States v. Whitner*, 219 F.3d 289, 297 (3d Cir. 2000) (collecting authorities); *Burton*, 288 F.3d at 103.

possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's drug activities."[7]  In short, we will affirm the District Court's denial of Rosario's motion to suppress if Officer Carr's affidavit sufficiently supports these three premises.[8]  We agree with the District Court that it does.

First, the affidavit amply supported probable cause to believe that Rosario was a drug dealer.  It averred that Rosario was a supplier of narcotics who received payment through an intermediary and had been observed traveling between two locations where large quantities of narcotics, nearly twenty thousand dollars in cash, a firearm, and pictures of him were found.  It is more than reasonable to infer from this information that Rosario "was a drug dealer and not simply a user" operating from those locations.[9]

Second, the affidavit contained ample evidence that 1611 South 28th Street was Rosario's residence.  After receiving information about the vehicle that Rosario was operating and where he was staying, law enforcement confirmed through multiple days of surveillance that Rosario was staying at 1611 South 28th Street and was driving the

[7] *Burton*, 288 F.3d at 104.
[8] *See id.* at 104–05 (declining to suppress evidence found at drug dealer's residence after finding that facts contained in the affidavit supported all three premises).
[9] *See id.* at 104 (finding sufficient support in the affidavit for the premise that the appellant was a drug dealer based on observations made and inferences drawn about large amounts of cash and narcotics the appellant was dealing in).

described vehicle to and from that residence. Nothing more is required under our precedent.[10]

Third, the affidavit provided ample support for the premise that the 1611 South 28th Street residence contained contraband linking it to Rosario's drug activities. We have described a number of factors that "help establish the required nexus between a defendant's drug-dealing activities and his home," including "large-scale operations, a defendant's attempts to evade officers' questions about his address, the conclusions of experienced officers regarding where evidence of a crime is likely to be found, the proximity of the defendant's residence to the location of criminal activity, probable cause to arrest the defendant on drug-related charges," and tips of concerned citizens that a specific item "would be found" in the defendant's residence.[11]

Many of these factors are present in this case. Rosario was a supplier in a large-scale drug-dealing operation that involved multiple persons and generated at least tens of thousands of dollars in revenue. Officer Carr, with over thirteen years of experience in the narcotics unit, believed that firearms, narcotics, and/or narcotics proceeds were being stored and/or sold from 1611 South 28th Street. At the time of the warrant, there was

---

[10] *See United States v. Stearn*, 597 F.3d 540, 563–64 (3d Cir. 2010) (finding sufficient support in the affidavit for the premise that the property searched was one of the appellees' residence based on an informant's tip averring that the appellee resided there and subsequent surveillance confirming that the appellee had stayed there one night with his vehicle).

[11] *Id.* at 559–60 (collecting authorities) (footnotes and internal quotation marks omitted).

evidence supporting probable cause to arrest Rosario on drug-related charges.[12] Finally, the three locations are only miles from each other in the same city.[13]

We thus agree with the District Court that "the totality of the circumstances provided in the affidavit supports the premises that Rosario was actually a drug dealer, that 1611 South 28th Street was Rosario's domicile, and that 1611 South 28th Street would contain contraband related to Rosario's drug-dealing activities."[14] Rosario contends that there was no indication that the police had obtained information that he or anyone else was engaged in any illegal activity at 1611 South 28th Street. However, "it is well established that direct evidence is not required for the issuance of a search warrant. Instead, probable cause can be, and often is, inferred by considering the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide stolen property."[15]

Here, the totality of the circumstances established that evidence of involvement in the drug trade was likely to be found at 1611 South 28th Street, where Rosario resided.

---

[12] *See Burton*, 288 F.3d at 98–99 (holding that the police had probable cause to arrest defendant because the "significant accumulation of evidence supporting a drug transaction justified a reasonable inference that a felony was being committed").
[13] *See United States v. Hodge*, 246 F.3d 301, 307 (3d Cir. 2001) (finding that the fact that the defendant's home was in the same city as the location of his anticipated drug delivery "render[ed] his home a more likely repository of his drug-related paraphernalia"). Rosario indicated that the distance between 1611 South 28th Street and the other two residences was at most twelve miles and a drive could take up to thirty minutes.
[14] App. 25.
[15] *United States v. Jones*, 994 F.2d 1051, 1056 (3d Cir. 1993) (collecting authorities) (internal quotation marks omitted).

We find no error in the conclusion of the District Court that there was a fair probability that evidence of a crime would be found at the 28th Street location.[16]

III.

For the foregoing reasons, we will affirm the order of the District Court, denying Rosario's motion to suppress.

---

[16] *See Stevenson*, 832 F.3d at 429–30; *Stearn*, 597 F.3d 563–65; *Whitner*, 219 F.3d at 298–99