IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60349
_____

GEORGIA RAMSAY, ET AL.,

        Plaintiffs,

versus

OMNIBANK, ET AL.,

        Defendants.

OMNIBANK,

        Defendant - Third Party Plaintiff - Appellee,

versus

UNITED STATES FIDELITY AND GUARANTY CO.,

        Third Party Defendant - Appellant.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
_____

June 20, 2000

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit
Judges.

PER CURIAM:

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH

    CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI, PURSUANT TO

       MISSISSIPPI RULE OF APPELLATE PROCEDURE 20

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES

THEREOF:

1. STYLE OF THE CASE

    The style of the case in which this certificate is made is

<u>OmniBank v. United States Fidelity and Casualty Co.</u>, Case No. 99-

60349, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Mississippi. This question involves a question of state law. The Fifth Circuit, on its own motion, has decided to certify this question to the Honorable Justices of the Mississippi Supreme Court.

## 2. STATEMENT OF THE CASE

United States Fidelity & Guaranty Co. (USF&G) appeals summary judgment in favor of OmniBank on a duty to defend claim. At issue is whether any of the injuries OmniBank allegedly caused arguably resulted from a covered occurrence under Mississippi law, thus triggering a duty to defend.

The underlying plaintiff, Georgia Ramsay, financed her purchase of a car through OmniBank, who required Ramsay to maintain insurance on the car. When Ramsay did not obtain such insurance, OmniBank allegedly "force-placed" insurance coverage on the car and charged the premiums and interest to Ramsay, on top of the loan.

On September 28, 1995, Ramsay, John McIntosh, and Troy M. Sims filed suit on behalf of themselves and similarly situated borrowers against OmniBank and others. On November 7, 1995, Ramsay filed an amended complaint alleging that OmniBank "wrongfully force-placed collateral protection insurance in the approximate sum of $1,428.46."

The amended complaint asserted various claims against OmniBank, including fraud, breach of fiduciary duty, breach of duty of good faith and fair dealing, breach of contract, violation of

2

various statutes, violation of civil rights, negligence, loss of property rights, loss of reputation, injury to credit, creation of fictitious indebtedness, and mental and emotional distress.

OmniBank denied the allegations of the complaint, and Ramsay subsequently filed a motion to dismiss the claims against OmniBank without prejudice, which was granted by the district court on November 18, 1997.

At the time of the incidents alleged in the amended complaint, OmniBank had both a Commercial General Liability (CGL) policy and an umbrella policy with USF&G. OmniBank's CGL policy covered claims of liability for bodily injury, property damage, and personal injury caused by an "occurrence," which is synonymous with "accident." The umbrella policy provided additional insurance limits but not wider coverage.

Bodily injury under the CGL policy included mental and emotional distress. The underlying claims against OmniBank included allegations that the plaintiffs suffered such distress. Property damage under the policy included not only physical injury to tangible property, but also the loss of use of tangible property that is not physically injured. The underlying claims against OmniBank included allegations that the plaintiffs suffered vehicle repossessions which fit the definition of property damage.

Under the CGL policy, UFS&G had a duty to defend OmniBank if there was any basis for potential liability of the insured for

covered claims,[1] reading coverage broadly in favor of the insured.[2] OmniBank requested USF&G to provide coverage and a defense, but USF&G declined to do so.

On April 10, 1996, prior to the dismissal, OmniBank filed a third-party complaint naming USF&G and Deposit Company of Maryland as third-party defendants. The third-party complaint asserted that USF&G owed OmniBank a defense against the plaintiffs' claims, indemnification in the event of an adverse verdict, and bad faith damages. USF&G moved for summary judgment asserting a lack of coverage.

USF&G argued that because OmniBank intentionally "force-placed" collateral protection insurance on the vehicles at issue, any damages complained of by the plaintiffs were not the result of an "accident," even if OmniBank negligently chose exorbitantly priced insurance. USF&G cited <u>Allstate Ins. Co. v. Moulton</u>,[3] which stated that an "accident . . . does <u>not</u> mean the natural and ordinary consequences of a negligent act"[4] and held that damages resulting from an intentional malicious prosecution were not the result of an accident even if unintended by the insured.[5]

---

[1] <u>See</u> <u>Great Northern Nekoosa Corp. v. Aetna Cas. and Sur. Co.</u>, 921 F. Supp. 401, 406 (N.D. Miss. 1996); <u>Merchants Co. v. American Motorists Ins. Co.</u>, 794 F. Supp. 611, 617 (S.D. Miss. 1992).

[2] <u>See</u> <u>Merchants Co.</u>, 794 F. Supp. at 619.

[3] 464 So.2d 507 (Miss. 1985).

[4] <u>Id.</u> at 509 (quoting <u>Ed Winkler & Son, Inc. v. Ohio Cas. Ins. Co.</u>, 441 A.2d 1129, 1132 (Md.App. 1982) (quoting 7A APPLEMAN, INSURANCE LAW AND PRACTICE § 4492 (Berdal ed. 1979)), <u>disapproved by</u> <u>Sheets v. Brethren Mut. Ins. Co.</u>, 679 A.2d 540, 549-50 (Md. 1996)) (emphasis added).

[5] <u>Id.</u> at 510.

OmniBank argued, among other things, that <u>Moulton</u> is inconsistent with the more recent case <u>Southern Farm Bureau Casualty Insurance Co. v. Allard</u>[6] which considered the applicability of an intentional damage exclusion, but which did not explicitly address <u>Moulton</u> or <u>Moulton</u>'s definition of "accident."[7]

The district court granted USF&G's motion as to OmniBank's bad faith claim, but denied the motion with respect to the duty to defend issue. Then, on April 15, 1999, the district court entered a final judgment pursuant to Rule 54(b) on OmniBank's duty to defend claim and ordered USF&G to pay OmniBank $10,856 in costs associated with OmniBank's defense of the Ramsay claims. USF&G appealed.

## 3. QUESTION CERTIFIED

Whether an insurer's duty to defend under a general commercial liability policy for injuries caused by accidents extends, under Mississippi law, to injuries unintended by the insured but which resulted from intentional actions of the insured if those actions were negligent but not intentionally tortious?


## CONCLUSION

This Court disclaims any intention that the Supreme Court of Mississippi confine its reply to the precise form or scope of the legal question that we certify. If the Supreme Court of Mississippi

---

[6]611 So.2d 966 (Miss. 1992).

[7]<u>Id.</u> at 968.

5

accepts this Certificate, the answers provided by that court will determine the issues on appeal in this case.

We transfer to the Supreme Court of Mississippi with our certification the record on appeal, the appellate briefs and related documents of this case.

This panel retains cognizance of the appeal of this case pending response from the Supreme Court of Mississippi, and this Court hereby CERTIFIES the question posed above.

QUESTION CERTIFIED.