**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-1498**

---

SELECTIVE INSURANCE COMPANY OF AMERICA,

Defendant - Appellant,

v.

WESTFIELD INSURANCE COMPANY,

Plaintiff - Appellee,

v.

ZURICH AMERICAN INSURANCE COMPANY; WEAVER COOKE CONSTRUCTION, LLC,

Defendants - Appellees,

and

PENN NATIONAL INSURANCE COMPANY,

Defendant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (4:15−cv−00169−BR)

---

Argued: May 5, 2023                    Decided: July 12, 2023

---

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed by published opinion.  Senior Judge Keenan wrote the opinion, in which Judge Rushing and Judge Benjamin joined.

———————————

**ARGUED:**  Matthew Adams Abee, NELSON MULLINS RILEY & SCARBOROUGH LLP, Columbia, South Carolina, for Appellant.  Morgan Stuart Templeton, WALL TEMPLETON & HALDRUP, P.A., Charleston, South Carolina; Michael Terry Medford, MANNING, FULTON & SKINNER, PA, Raleigh, North Carolina, for Appellees.  **ON BRIEF:**  Robert C. Calamari, NELSON MULLINS RILEY & SCARBOROUGH LLP, Myrtle Beach, South Carolina, for Appellant.  Sanford W. Thompson, IV, SANFORD THOMPSON, PLLC, Raleigh, North Carolina, for Appellee Weaver Cooke Construction, LLC.  J. Mark Langdon, WALL TEMPLETON & HALDRUP, P.A., Raleigh, North Carolina, for Appellee Westfield Insurance Company.  Phillip E. Reeves, Greenville, South Carolina, James M. Dedman, IV, GALLIVAN, WHITE, & BOYD, P.A., Charlotte, North Carolina, for Appellee Zurich Insurance Company.

———————————

BARBARA MILANO KEENAN, Senior Circuit Judge:

This dispute involves several insurers and one defendant insurer's alleged duty to defend a lawsuit brought against a general contractor of a residential building project. The district court entered partial summary judgment, holding that the defendant insurer had a duty to defend the general contractor in the underlying action for construction defects. The court also issued a stay of other issues raised by the parties, and administratively closed the case. After the defendant insurer filed the present appeal, the underlying action was resolved in a settlement agreement.

We conclude that we lack jurisdiction to consider the present interlocutory appeal challenging the defendant insurer's duty to defend the general contractor. Therefore, we dismiss the appeal.

I.

In 2006, Weaver Cooke Construction, LLC (Weaver Cooke) entered into a contract with New Bern Riverfront Development, LLC (New Bern) to serve as general contractor for a condominium complex to be built in North Carolina (the project). Weaver Cooke later executed contracts with various subcontractors to work on the project, including one contract with William H. Dail d/b/a/ DD Plumbing Company (DD Plumbing). DD Plumbing was responsible for installing piping and plumbing fixtures for the project, including kitchen and bath faucets. In 2009, New Bern, which had filed for bankruptcy, initiated an adversary proceeding in bankruptcy court against Weaver Cooke and other defendants alleging defective construction on the project (the underlying action).

3

Weaver Cooke was a "named insured" under two commercial liability policies, one issued by Westfield Insurance Company (Westfield) and another by Zurich American Insurance Company (Zurich). DD Plumbing was a "named insured" under a commercial liability policy issued by Selective Insurance Company of America (Selective). When Weaver Cooke entered into its contract with DD Plumbing, Weaver Cooke became an "additional insured" under DD Plumbing's policy with Selective (the Selective policy).

The Selective policy provided coverage for property damage, stating that Selective would "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." In the policy, Selective further acknowledged that it had a "duty to defend the insured against any 'suit' seeking those damages."

After New Bern filed the underlying action, Weaver Cooke and Westfield requested that Selective provide a defense for Weaver Cooke as an "additional insured" under the Selective policy. Although the parties dispute the details of the timing and notice of the requests to Selective, it is undisputed that Selective was notified of the request in September 2013. Selective did not comply with the request to defend Weaver Cooke in the underlying action.

Westfield filed the present action in the Eastern District of North Carolina against Selective, Weaver Cooke, and Zurich,[1] seeking, among other alternative relief: (1) a

---

[1] Westfield also named Penn National Insurance Company (Penn National) as a defendant. Penn National is not a party to this appeal.

declaration that Selective had a duty to defend Weaver Cooke in the pending underlying action; and (2) "equitable subrogation/contribution" against Selective for reimbursement of defense costs that Westfield had incurred in defending Weaver Cooke in the underlying action. Zurich, which also had been defending Weaver Cooke in the underlying action, filed similar crossclaims against Selective. Finally, Weaver Cooke filed a counterclaim against Selective alleging statutory claims of unfair trade practices under N.C. Gen. Stat. §§ 58–63–15(11), based on Selective's claim settlement practices. Weaver Cooke also asserted a right to indemnification; the district court stayed the indemnification claim pending the resolution of factual issues in the underlying action and further order of the court.

After completing discovery on the duty to defend and unfair trade practices claims, the parties filed cross-motions for summary judgment. Upon reviewing the record, the district court held that the underlying action "implicate[d] . . . DD Plumbing's work," which possibly had caused damage to interior finishes on the project as a result of water intrusion or waste discharge. The court concluded that this constituted "property damage" under the Selective policy, and, thus, that Selective had a duty to defend Weaver Cooke as an additional insured under the policy.

The district court accordingly awarded partial summary judgment in favor of Westfield, Zurich, and Weaver Cooke on the duty to defend issue. The court denied both Weaver Cooke's and Selective's cross-motions for summary judgment on Weaver Cooke's unfair trade practices claims, holding that disputed facts precluded entry of summary judgment at that time. The district court further concluded that the "issue of damages

5

regarding the duty to defend[,] and liability and damages on the remaining unfair trade practices claims," would be "stayed until the [u]nderlying [a]ction is resolved." The court directed that the case be administratively closed subject to any party's motion to dissolve the stay after conclusion of the underlying action. No such motion has been filed.

Selective filed the present appeal in this Court, asserting that the district court erred in concluding that Selective owed a duty to defend because the allegations in the underlying action involved only "non-covered economic damages" and suggested only a need for "further investigation" regarding potential property damage resulting from DD Plumbing's work.[2] Several months after Selective filed the present appeal, the bankruptcy court issued an order approving a settlement agreement reached in the underlying action. As part of that settlement agreement, the parties resolved the defective construction claim alleged by New Bern against Weaver Cooke and other parties. The bankruptcy court thereafter entered a final decree and closed the underlying action.

## II.

Before we can review the merits of Selective's argument, we first must determine whether we have jurisdiction over this appeal. *Williamson v. Stirling*, 912 F.3d 154, 168

---

[2] Selective also argues on appeal that the district court erred in failing to award Selective summary judgment on the unfair trade practices claims, contending that we should assert "pendant appellate jurisdiction" over this issue because it is "inextricably intertwined" with the duty to defend issue. *See Rux v. Republic of Sudan*, 461 F.3d 461, 475 (4th Cir. 2006) (citation omitted). However, based on our conclusion that we lack jurisdiction over the duty to defend issue, we necessarily do not have pendant jurisdiction to consider Selective's additional argument regarding the unfair trade practices claim.

(4th Cir. 2018) (recognizing an "independent obligation to verify the existence of appellate jurisdiction"). Selective, agreeing that the district court did not enter a final judgment in the present case, contends that we have jurisdiction under 28 U.S.C. § 1292(a)(1), which permits appeals of interlocutory orders granting injunctions.[3] Citing the Third Circuit's decision in *Ramara, Inc. v. Westfield Ins.*, 814 F.3d 660, 669 (3d Cir. 2016), Selective argues that the district court's partial award of summary judgment against Selective effectively is "an injunction requiring [Selective] to provide a defense" to Weaver Cooke in the underlying action. We disagree that Section 1292(a)(1) provides a basis for jurisdiction here.

As an initial matter, we agree with Selective that the district court has not entered a final judgment that would allow review of this appeal under 28 U.S.C. § 1291.[4] *See Kinsale Ins. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (explaining that a final judgment "ends the litigation on the merits and leaves nothing for the court to do but

---

[3] The appellees, Weaver Cooke, Westfield, and Zurich, likewise maintain that we have jurisdiction to decide the duty to defend issue under to 28 U.S.C. 1292(a)(1).

[4] We observe that in other instances, parties disputing a district court's holding before final judgment concerning an insurer's duty to defend have obtained certification for immediate appeal under Federal Rule of Civil Procedure 54(b). *See Res. Bankshares Corp. v. St. Paul Mercury Ins.*, 407 F.3d 631 (4th Cir. 2005) (deciding interlocutory appeal after district court entered certification under Rule 54(b) in 323 F. Supp. 2d 709, 723 (E.D. Va. 2004)); *Ramsay v. OmniBank*, 215 F.3d 503, 504 (5th Cir. 2000). Rule 54(b) permits a district court to certify a judgment for appeal "[w]hen an action presents more than one claim of relief," and the court directs "entry of a final judgment as to one or more, but fewer than all, claims," so long as "the court expressly determines" there "is no just reason for delay[ing]" the appeal. Fed. R. Civ. P. 54(b); *see Kinsale*, 31 F.4th at 873 (discussing Rule 54(b)); *Penn-America Ins. v. Mapp*, 521 F.3d 290, 296 (4th Cir. 2008) (same). However, Selective did not seek, and the district court did not direct entry of, such a certification in the present case.

execute the judgment" (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  Issues of damages, as well as the unfair trade practices claims and indemnification claim, remain pending in the district court.  *See id.* at 873 (explaining that when damages have not been assessed, a judgment is not final (citing *Liberty Mut. Ins. v. Wetzel*, 424 U.S. 737, 744 (1976)); *see also Penn-America Ins. v. Mapp*, 521 F.3d 290, 296 (4th Cir. 2008) (explaining that administrative closure of pending claims by the district court did not "convert" the "otherwise non-final [judgment] into a final judgment" under Section 1291).

We therefore turn to address 28 U.S.C. § 1292(a)(1).  This statutory exception to the final judgment rule confers jurisdiction on courts of appeal to review interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions."  28 U.S.C. § 1292(a)(1); *see Carson v. Am. Brands, Inc.*, 450 U.S. 79, 82 (1981).  Although the district court's judgment in the present case was not styled as an "injunction," the question whether an order "amounts to an injunction" requires that we look to "the practical effect of the order rather than the label ascribed to it."  *U.S. ex rel. Lutz v. United States*, 853 F.3d 131, 139 (4th Cir. 2017).  Generally, an injunction commands or prevents a specified action. *See Injunction*, *Black's Law Dictionary* (11th ed. 2019); *see also U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 507 (4th Cir. 1999) (explaining that to qualify as injunctive relief, an order must "prohibit or command specific conduct").

To be immediately appealable under Section 1292(a)(1), "a litigant must show more than that the order has the practical effect" of commanding or preventing action.  *Carson*, 450 U.S. at 83 (explaining that we construe Section 1292(a)(1) "narrowly," because Section 1291(a)(1) "was intended to carve out only a limited exception to the final-

judgment rule"). We have said that an appealable injunctive order under Section 1292(a)(1) is one that "(1) may have a 'serious, perhaps irreparable consequence' and (2) can only be 'effectually challenged' through immediate appeal," rather than upon final judgment. *Lutz*, 853 F.3d at 139 (quoting *Carson*, 450 U.S. at 84).[5] Without satisfying these elements, "the general congressional policy against piecemeal review" precludes our jurisdiction to consider an interlocutory appeal under Section 1292(a)(1). *Carson*, 450 U.S. at 84.

In the present case, we will assume, without deciding, that at the time of its entry, the district court's order was in the nature of an injunction in that the order required Selective to take prospective action in the underlying litigation. *See James River Ins. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1251, 1252-53 (11th Cir. 2022) (holding order appealable when district court ordered insurer "to continue defending" the insureds), *Ramara*, 814 F.3d at 668-69 (same, when district court ordered insurer to "prospectively . . . provide defense" to insured in ongoing action). However, because the underlying action now has been resolved, there is no possible present or prospective requirement for Selective to act by providing a defense to Weaver Cooke. Instead, any breach by Selective in failing to provide Weaver Cooke a defense can be remedied at this juncture by an award of damages.

---

[5] In *Lutz,* we held that an order freezing a party's assets during litigation was not immediately appealable under Section 1292(a)(1) because, although the party was prevented from disposing of its property, the party's property rights were not permanently affected at that time and the party could "obtain complete relief after final judgment." *Id.* at 140.

The district court's holding that Selective had a duty to defend thus does not presently produce any immediate or pressing event. *See Carson,* 450 U.S. at 84. And this appeal does not present an issue requiring consideration separate from the pending issues in this case. *See Lutz*, 853 F.3d at 139; *see also Carson*, 450 U.S. at 84-85. We can review after final judgment the question of Selective's duty to defend without ensuing consequence. Therefore, we conclude that Section 1292(a)(1) does not provide a jurisdictional basis for consideration of this appeal. *Lutz*, 853 F.3d at 140 (explaining that there was "no harm in preserving the status quo" and that the appellants could "obtain complete relief after final judgment"); *see Carson*, 450 U.S. at 84-85.

Our conclusion is not altered by Selective's reliance on the Third Circuit's decision in *Ramara*. 814 F.3d 660. There, an insured sought a declaratory judgment that the defendant insurer owed a duty to defend and a duty to indemnify the insured in an underlying suit seeking damages for injuries caused by a construction accident. *Id.* at 665, 669, 671. The district court awarded the insured partial summary judgment, ordering that the insurer "prospectively" provide a defense in the underlying action while withholding a ruling on the indemnification claim until later in the litigation. *Id.* at 668, 669 n.3.

The Third Circuit held that it had jurisdiction to consider an appeal from this non-final order under Section 1292(a)(1). *Id.* at 670-672. The court explained that the district court's order holding that the insurer had a duty to defend a party in the underlying action "granted forward-looking," "prospective" relief, which was "immediately appealable." *Id.* This relief thus was injunctive in nature and had not been affected by any actions of the parties pending appeal.

10

The same cannot be said in the present case. While the relief granted in the district court's order originally may have been prospective in nature, the resolution of the underlying action has eliminated from that order any forward-looking mandate. Thus, the order before us in this appeal currently lacks the character of an injunction and does not require us to consider any question separate from issues that may be appealed after entry of a final judgment in the district court.

We therefore conclude that, given the resolution of the underlying action, the district court's award of partial summary judgment in favor of the defendants on Selective's duty to defend is not appealable under Section 1292(a)(1). We are able to consider this question along with the related issue of damages on appeal of a final judgment, furthering our goal of avoiding "[p]iecemeal" appeals in the absence of any immediate or pressing consequence. *See Lutz*, 853 F.3d at 140; *Carson*, 450 U.S. at 84.

## III.

For these reasons, we conclude that we lack jurisdiction to consider Selective's appeal. Accordingly, we dismiss the appeal.

*DISMISSED*

11