PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-3032 and 21-3119
_____

ZURN INDUSTRIES, LLC,

v.

ALLSTATE INSURANCE COMPANY, individually and as
successor in interest to
Northbrook Excess and Surplus Insurance Company
(formerly Northbrook Insurance Company); TRAVELERS
CASUALTY & SURETY COMPANY,
individually and as successor in interest to the Aetna Casualty
and Surety Company formerly known as THE AETNA
CASUALTY AND SURETY COMPANY;
FIRST STATE INSURANCE COMPANY, a subsidiary of
The Hartford Financial Services Group, Inc. doing business
as Arrowhead Indemnity Company
formerly known as Royal Indemnity; NEW ENGLAND
INSURANCE COMPANY, a subsidiary of The Hartford
Financial Services Group, Inc.; AMERICAN HOME
ASSURANCE COMPANY; GRANITE STATE
INSURANCE COMPANY

NEW ENGLAND INSURANCE COMPANY,
a subsidiary of The Hartford Financial Services Group, Inc.;
FIRST STATE INSURANCE COMPANY,

a subsidiary of The Hartford Financial Services Group, Inc.,
Third Party Plaintiffs

v.

GRANITE STATE INSURANCE COMPANY;
LEXINGTON INSURANCE COMPANY;
AMERICAN HOME ASSURANCE COMPANY;
LIBERTY MUTUAL INSURANCE COMPANY,
Third Party Defendants

American Home Assurance Company,
Appellant in 21-3032

Zurn Industries, LLC.
Appellant in 21-3119
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-18-cv-00299)
District Judge: Honorable Susan Paradise Baxter
_____

Argued on June 15, 2023

Before:  PORTER, FREEMAN and FISHER, *Circuit Judges*.

(Filed: July 28, 2023)

Robert L. Byer    ARGUED
Thomas E. Sanchez
Duane Morris

625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222

Gavin Fung
Liberty Mutual Insurance Company
175 Berkley  Street
Boston, MA 02117

Ralph J. Luongo
Kennedys CMK
1600 Market Street
Suite 1410
Philadelphia, PA 19103
        *Counsel for Appellant American Home Assurance Co.
in No. 21-3032 and Appellee Granite State Insurance Co. in
No. 21-3119*


Patrick J. Murphy    ARGUED
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
        *Counsel for Appellant Zurn Industries, LLC in No. 21-
3032*

Robert R. Anderson, III    ARGUED
Christopher A. Johnson
Margaret Truesdale    ARGUED
Hughes Socol Piers Resnick & Dyn
70 W Madison Street, Suite 400
Chicago, IL 60602

Timothy R. Smith
Pion, Nerone, Girman, Winslow & Smith
1500 One Gateway Center
Pittsburgh, PA 15222
        *Counsel for Appellee Allstate Insurance Co.*

Myles D. Morrison    ARGUED
James P. Ruggeri
Ruggeri Parks & Weinberg
1875 K Street NW, Suite 600
Washington, DC 20006

Michael A. Shiner
Tucker Arensberg
One PPG Place
Suite 1500
Pittsburgh, PA 15222
        *Counsel for Appellee First State Insurance Co. and
New England Insurance Co.*

_____

OPINION OF THE COURT
_____


FISHER, *Circuit Judge*.

Zurn Industries, LLC is a manufacturer of plumbing products and accessories. For over a decade, it has faced a litany of lawsuits in which claimants allege bodily injury or wrongful death caused by asbestos in its products. To cover litigation costs, Zurn used various insurance policies issued by various insurance companies. Eventually, Zurn was told by its primary and umbrella insurers that Zurn had exhausted the

4

limits of liability under those policies. So Zurn turned to its excess insurance policies for coverage. When Zurn's excess policy insurers refused to pay, Zurn filed suit in federal court. Among other relief, Zurn sought a declaratory judgment that it had exhausted the limits of liability under its primary and umbrella policies and that Zurn's excess policy insurers had a duty to defend and pay defense costs in the underlying asbestos suits. The excess policy insurers responded with counterclaims seeking declaratory judgments to the opposite effect. After discovery, the parties filed numerous partial summary judgment motions regarding pure questions of law and issues of contract interpretation. The District Court addressed some of the motions, interpreting the meaning of various primary, umbrella, and excess policies, and determining the scope of some duties insurers have under them. Dissatisfied with the District Court's interpretation of the policy it issued to Zurn, one excess policy insurer—American Home Assurance Company—appealed several of the partial summary judgment orders. In response, Zurn cross-appealed to challenge different portions of the District Court's orders interpreting the terms of other excess policies Zurn held. We conclude American Home does not challenge orders that are functionally equivalent to an injunction; thus, we lack the power to review its appeal. And because Zurn's cross-appeal is jurisdictionally dependent on American Home's, we also lack jurisdiction to review it.

## I.

### A. Factual History

Zurn Industries, LLC is the defendant in numerous underlying suits in which claimants allege the company's products exposed them to asbestos and caused bodily injury or wrongful death. To cover the costs of defending itself against these suits and paying any resulting judgments, Zurn invoked the defense and indemnity coverage of its insurance policies.

5

As relevant here, Zurn maintained several layered policies providing it coverage throughout the 1970s and 1980s. During that time, Zurn's first layer of defense and indemnity coverage (its primary policies) came from Liberty Mutual Insurance Company (April 1974 to April 1980) and Travelers Casualty and Surety Company (April 1980 to April 1986). Its second layer of defense and indemnity coverage (its umbrella policies) came from Liberty Mutual (April 1974 to April 1978 and April 1979 to April 1980), Northbrook Insurance Company (April 1978 to April 1979)[1], and Aetna Casualty and Surety Company (April 1980 to April 1986). Finally, Zurn maintained several excess policies which provided a third layer of defense and indemnity coverage that kicked in when underlying primary and umbrella policies were exhausted. Relevant to these appeals, the following companies provided excess policies to Zurn: American Home Assurance Company (December 1974 to December 1977), Granite State Insurance Company (December 1977 to April 1979), Northbrook (April 1979 to April 1983), Royal Indemnity Company (April 1983 to April 1984), New England Insurance Company (April 1984 to April 1985), and Lexington Insurance Company (April 1985 to April 1986).

For many years, Zurn tendered the asbestos suits to its insurers and obtained coverage under its primary and umbrella policies. When Zurn's primary and umbrella insurers notified Zurn that certain policies' liability limits had been reached, Zurn turned to its excess policy insurers for coverage. The excess policy insurers refused.

---

[1] Zurn and Allstate characterize this Northbrook policy as an umbrella policy, while the District Court simply stated it was excess to the primary policy. We make no holdings as to the type or scope of coverage provided under the policy.

## B. Procedural History

In response, Zurn filed suit against its insurers: Travelers[2], Allstate Insurance Company[3], American Home, Granite State, First State Insurance Company[4], and New England. Zurn sought a declaratory judgment that its primary and umbrella policies had been exhausted and that each of its excess policy insurers had a duty to defend Zurn and pay defense costs in addition to the excess policies' limits of liability. Zurn also alleged breach of contract and bad faith against Allstate. The insurers responded with their own counterclaims, seeking declaratory judgments about the fact and scope of their obligation to defend and indemnify Zurn as well as the allocation of defense and indemnity costs if coverage were triggered.

After discovery, the District Court permitted any party to submit "dispositive motion[s] whose resolution depends solely on matters of contractual interpretation and/or pure questions of law." Dist. Ct. Dkt. No. 171. Summary judgment motions poured in. Zurn moved for partial summary judgment on its claims for declaratory relief regarding insurers' duty to defend and pay defense costs in addition to liability limits under each excess policy. American Home moved for partial summary judgment, arguing that it did not have a duty to defend or pay defense costs. Several other excess policy insurers moved for summary judgment, asking the Court to declare the limits of liability under American Home's policy,

---

[2] Travelers is the successor in interest to the Aetna policies.

[3] Allstate is the successor in interest to the Northbrook policies.

[4] First State is the successor in interest to the Royal policy.

7

as did American Home. And other primary and excess policy insurers also moved for partial summary judgment on similar issues including: the limits and exhaustion of policies; whether defense costs must be paid in addition to liability limits under certain excess policies; and how defense costs ought to be allocated among insurers. Finally, Liberty Mutual moved for partial summary judgment that its primary and umbrella policies were fully exhausted.

In October 2021, the District Court resolved many of the legal issues raised by the parties. Relevant here, the Court denied American Home's partial summary judgment motion for a declaration that it owed Zurn no duty to defend or pay defense costs in the underlying asbestos suits. Simultaneously, the Court granted in part and denied in part Zurn's partial summary judgment motion. Specifically, the Court granted summary judgment "with respect to Count VI . . . insofar as Zurn seeks a declaration that American Home Assurance Company must pay defense costs in addition to policy limits under [the relevant] American Home policy." App. 52. The Court also granted partial summary judgment and entered declaratory relief "with respect to Count VII . . . insofar as Zurn seeks a declaration that Granite State Insurance Company is required to pay defense costs in addition to policy limits" under its policy covering December 1977 to April 1978. App. 52. However, the Court denied declaratory relief to the same effect for Granite State's excess policy covering April 1978 to April 1979 and Northbrook's umbrella and excess policies covering April 1978 to April 1983. The Court entered corresponding orders on First State's and New England's joint motion, which sought partial summary judgment for

8

declaratory relief largely identical to the declarations Zurn had requested.[5]

After the District Court issued its opinion and orders, American Home appealed. It challenges three orders: the order denying American Home's motion for partial summary judgment on defense and defense costs; and two orders granting partial summary judgment, one in favor of Zurn and the other in favor of First State and New England, regarding the scope of defense costs under American Home's excess policy. We will call the former order the declaration-denying order and the latter two orders the declaration-granting orders for short. Zurn cross-appealed, challenging the District Court's orders regarding the scope of costs under Northbrook's and Granite State's excess policies.[6]

II.[7]

As a threshold matter, we must address the parties' dispute about our jurisdiction to review the District Court's partial summary judgment orders. We always have jurisdiction to determine our own jurisdiction. *United States v. Kwasnik*, 55 F.4th 212, 215 & n.1 (3d Cir. 2022). And we exercise plenary review over the issue. *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 665 (3d Cir. 2016). American Home argues

---

[5] Several summary judgment motions remain outstanding, such as whether Liberty Mutual's and Travelers' primary and umbrella policies have been exhausted, and whether limits on certain excess policies, including American Home's, apply annually or aggregately.

[6] Thus, Zurn's cross-appeal impacts the rights and obligations of insurers other than American Home.

[7] The District Court exercised jurisdiction over the cases pursuant to 28 U.S.C. § 1332. Our jurisdiction is at issue on appeal.

we have appellate jurisdiction under 28 U.S.C. § 1292(a)(1) because the District Court's orders are the functional equivalent of an injunction. Zurn disagrees, arguing that the District Court neither practically nor literally granted injunctive relief because the orders merely resolved American Home's policy obligations in general. We agree with Zurn and conclude we do not have jurisdiction.

### A.

"The Judiciary Act of 1789, 1 Stat. 73, 'established the general principle that only final decisions of the federal district courts would be reviewable on appeal.'" *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981)). Thus, 28 U.S.C. § 1291, which grants us jurisdiction over final orders from district courts, is our primary source of appellate jurisdiction. Over time, however, several limited exceptions developed to the final-decision rule. *See* 28 U.S.C. § 1292; *Will v. Hallock*, 546 U.S. 345, 349 (2006) (discussing collateral order doctrine). One exception grants appellate courts jurisdiction over "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). Our Court has recognized that this exception extends to orders that expressly grant or deny injunctions as well as those that "have the practical effect" of doing so. *Def. Distributed v. Att'y Gen. of N.J.*, 972 F.3d 193, 198 (3d Cir. 2020) (quoting *Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 702 (3d Cir. 1991)). Even so, to ensure the exception does not "swallow the final-judgment rule," we construe § 1292(a)(1) "narrowly." *In re Pressman-Gutman Co.*, 459 F.3d 383, 392 (3d Cir. 2006) (quoting *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272, 1276 (3d Cir. 1991)).

To determine whether an order is injunctive, "we must look past labels to consider functional effects." *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 161 (3d Cir. 2020); *see also Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1466 (3d Cir. 1989) (en banc) ("label put on an order by the district court" not dispositive). Under a functionalist approach, an order is an injunction if it is "directed to a party, enforceable by contempt, and designed to accord or protect 'some or all of the substantive relief sought by a complaint' in more than a [temporary] fashion." *Cohen*, 867 F.2d at 1465 n.9 (quoting Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure*, § 3922, at 29 (1977)).

The parties identify two cases that fall on opposite sides of the dividing line under *Cohen*'s functionalist approach: *American Motorists Insurance Co. v. Levolor Lorentzen, Inc.*, 879 F.2d 1165 (3d Cir. 1989), and *Ramara, Inc. v. Westfield Insurance Co.*, 814 F.3d 660 (3d Cir. 2016). In the former case, we concluded jurisdiction was lacking under § 1292(a)(1); in the latter, we held that we had jurisdiction under the statute. To determine which side of the line this case falls, we discuss *American Motorists* and *Ramara* in detail.

We begin with *American Motorists*. There, an insured party, Levolor, sought coverage for certain claims asserted against it by the United States Environmental Protection Agency. *Am. Motorists*, 879 F.2d at 1167. Levolor's insurer, American Motorists, declined coverage. *Id.* American Motorists then filed suit in federal court, seeking a declaratory judgment that it had no duty to defend or indemnify Levolor. *Id.* at 1166. Levolor counterclaimed for a declaration that American Motorists did have a duty to defend and indemnify and sought damages for breach of contract. *Id.* Both parties moved for partial summary judgment. *Id.* The district court

11

held that American Motorists had a duty to defend Levolor, subject to outstanding disputes of material fact about an exception to the policy's coverage known as the pollution exclusion. *Id.* at 1167–68. American Motorists appealed the judgment, though it was not certified as final under Federal Rule of Civil Procedure 54(b) until over a month later. *Id.* at 1168.

We declined to exercise jurisdiction over the appeal due to the "nonfinal character of the determination of the duty to defend." *Id.* at 1169, 1172–73. Admittedly, the bulk of our analysis in *American Motorists* dealt with the lack of finality under Rule 54(b). We reasoned that while the district court's order placed "the initial burden to defend" on American Motorists, the order was not final because it "was subject to termination when the court made a final determination on the applicability of the pollution exclusion." *Id.* at 1170 ("[I]f [American Motorists] is successful in advancing the pollution exclusion," the duty to defend order will be "effectively altered and revised" and American Motorists' "obligation will no longer exist."). Then, sua sponte, the Court considered and rejected jurisdiction over the appeal pursuant to § 1292(a)(1). *Id.* at 1172 (stating § 1292(a)(1) jurisdiction was "not mentioned by the parties"). Guided by *Cohen*'s functional approach and the requirement under the Federal Rules of Civil Procedure that injunction orders must be specific, we concluded that the district court's order was not akin to an injunction because it "did not direct [American Motorists] to do anything." *Id.* at 1172–73; *see also* Fed. R. Civ. P. 65(d). The order recited only that Levolor's motion "with respect to the issue of the obligation [of American Motorists] to provide a defense is granted." *Am. Motorists*, 879 F.2d at 1173. Though the district court "effectively defin[ed]" American Motorists'

12

duty, it "did not order [American Motorists] to undertake the defense." *Id.*

On the other side, we have *Ramara*. There, an injured employee of a subcontractor filed a tort suit against Ramara, a parking garage owner. *Ramara*, 814 F.3d at 664–65. Ramara tendered its defense to its insurer, Westfield, who declined to extend coverage. *Id.* at 665. So Ramara filed suit in federal court to obtain declarations about Westfield's duties under the policy. *Id.* at 668. Upon the parties' motions for partial summary judgment on the issue, the district court held that Westfield had a duty to defend Ramara in the underlying tort suit. *Id.* The district court then entered a supplemental order that "quantified judgment in favor of Ramara against Westfield," *id.* at 665 (citation omitted), and "directed that '[p]rospectively, Westfield shall provide defense to Ramara in the underlying [tort] action,'" *id.* at 669.

Westfield appealed the supplemental order, and we held that we had jurisdiction to review it on appeal. *Id.* Critical to our decision was the fact that, in addition to deciding the parties' rights and duties, the district court "direct[ed] Westfield to defend Ramara prospectively in the [underlying tort] lawsuit." *Id.* at 671. The supplemental order granted "forward-looking relief" that constituted the sort of "equitable relief [that is] immediately appealable." *Id.* at 672; *see also Aleynikov v. Goldman Sachs Grp., Inc.*, 765 F.3d 350, 356–57 & n.1 (3d Cir. 2014) (holding district court's order directing a party to pay another party's legal fees and expenses "periodically as they are incurred going forward" constituted immediately appealable equitable relief (citation omitted)).

## B.

With that background in mind, we turn to the three orders American Home challenges on appeal and conclude they are far closer to the order in *American Motorists* than the

13

one in *Ramara*. In the declaration-denying order, the District Court simply stated, "IT IS HEREBY ORDERED, for the reasons set forth in the Memorandum Opinion to be filed forthwith, that [American Home's] motion is DENIED." App. 51. In the declaration-granting orders, the District Court stated,

> IT IS HEREBY ORDERED, for the reasons set forth in the Memorandum Opinion to be filed forthwith, that the motion is GRANTED in part and DENIED in part as follows: . . . The motion is GRANTED with respect to Count VI of the Amended Complaint insofar as Zurn seeks a declaration that American Home Assurance Company must pay defense costs in addition to policy limits under [the relevant] American Home Policy . . . .

App. 52; *see also* App. 49 (ordering same regarding First State's and New England's joint motion on the issue).

The declaration-denying order is clearly not an injunction. Similar to the order in *American Motorists*, which merely "granted" summary judgment on the issue of American Motorists' "obligation . . . to provide a defense," 879 F.2d at 1173, the order here merely "denied" American Home's motion regarding its obligation to defend and pay defense costs. Without more, the order simply reflects the District Court's decision to decline relief, as a matter of law, before trial. For that same reason, the District Court's order falls well short of imposing forward-looking equitable relief like in *Ramara*. 814 F.3d at 672.

Though the declaration-granting orders are a closer call, they are more akin to the order in *American Motorists* than the one in *Ramara*. We accept that the orders "effectively defin[ed]" at least some of American Home's duties under the contract. *Am. Motorists*, 879 F.2d at 1173. But *American*

*Motorists* tells us that is not enough; the District Court must have directed American Home to do something. *Id.* at 1172–73. The declaration-granting orders do not. Instead, the orders grant relief "insofar" as Zurn and others seek "a declaration that American Home Assurance Company must pay defense costs in addition to policy limits" under the relevant American Home policy. App. 49, 52. Far from directing American Home to act now and pay Zurn's defense costs or take up Zurn's defense, the orders simply clarify the scope of American Home's potential future duty, if and when that duty is triggered.

No part of the declaration-granting orders compels American Home "to undertake the defense" of Zurn. *See Am. Motorists*, 879 F.2d at 1173. Nor are they accompanied by a supplemental order, like the one in *Ramara*, *see* 814 F.3d at 670, or any other similar directive towards American Home to prospectively defend Zurn. American Home even recognizes as much when it concedes that the District Court's orders "did not direct American Home to take over the defense of Zurn in the underlying asbestos suits." Am. Home Br. 28. Without a directive, there is no injunction or functional equivalent for us to review. And it is the very lack of directive that critically distinguishes this case from the collection of published and unpublished out-of-circuit cases American Home cites to

15

support our jurisdiction.[8] In short, we decline to extrapolate injunctive-like directives from a district court's summary judgment order that merely interprets parties' rights and duties under a contract in the abstract, nothing more.

And unlike an injunction, the District Court's declaration-granting orders cannot be enforced by contempt. How could they? They are unspecific about what act is required or restrained, and they are subject to a host of outstanding issues. *See* Fed. R. Civ. P. 65(d) (requiring injunctions to be stated in specific terms and "act or acts restrained or required" to be "describe[d] in reasonable detail"); *cf. Am. Motorists*, 879

---

[8] *See W Holding Co. v. AIG Ins. Co.-Puerto Rico*, 748 F.3d 377, 383 (1st Cir. 2014) (exercising jurisdiction over district court order "requiring defense-cost advancements"); *Abercrombie & Fitch Co. v. Fed. Ins. Co.*, 370 F. App'x 563, 566–68 & n.6 (6th Cir. 2010) (exercising jurisdiction over district court order stating "[insurer] is hereby ORDERED to advance payment"); *Gon v. First State Ins. Co.*, 871 F.2d 863, 866 (9th Cir. 1989) (exercising jurisdiction over district court order "direct[ing] [insurer] to pay defense expenses in [a particular] litigation as they were incurred"); *Church Mut. Ins. Co. v. Ma'Afu*, 657 F. App'x 747, 750 (10th Cir. 2016) (exercising jurisdiction over district court order stating insurer "must defend . . . and reimburse" insured); *Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1095–96 (11th Cir. 1994) (per curiam) (exercising jurisdiction over order "directing [insurer] to 'pay the Insured Defendants' defense costs as they are incurred'" (citation omitted)); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sahlen*, 999 F.2d 1532, 1535 (11th Cir. 1993) (exercising jurisdiction over order that effectively dissolved previous order that "required [insurer] to pay the Insureds' defense costs in the underlying suits").

F.2d at 1169–71 (reasoning order regarding insurer's duty to defend was not final because related factual issues remained unresolved). For example, American Home's duty may be delayed or unrealized depending on the resolution of currently pending motions before the District Court on issues regarding exhaustion and how to measure limits to liability. We agree with Zurn that the District Court's orders are not transformed into the functional equivalent of an injunction simply because Zurn acted pursuant to certain rights recognized in them. "[W]hat counts is what the court actually did," not how the parties reacted to it. *See Ramara*, 814 F.3d at 669. A mere declaration of Zurn's rights does nothing to compel American Home to act or refrain from acting pursuant to them.

Ultimately, we conclude that none of the District Court's orders is the functional equivalent of an injunction; therefore, we do not have jurisdiction to review them.

We also decline to exercise jurisdiction over Zurn's cross-appeal, challenging the District Court's orders denying declaratory relief regarding the scope of defense costs under Northbrook's and Granite State's excess policies. Notably, Zurn does not press an independent basis for jurisdiction over its cross-appeal; rather it relies on the doctrine of pendent appellate jurisdiction to justify our review. That doctrine permits "us discretion to review orders if they either (1) are 'inextricably intertwined' with appealable ones or (2) must be reviewed with them to 'ensure meaningful review.'" *United States v. Brace*, 1 F.4th 137, 142 (3d Cir. 2021) (quoting *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 130 (3d Cir. 2018)). But we do not have jurisdiction over American Home's appeal.

17

And without a proper underlying appeal, pendent appellate jurisdiction is of no use.[9]

For these reasons, we will dismiss the appeals for lack of jurisdiction.

---

[9] Because we lack jurisdiction over Zurn's cross-appeal, we are precluded from considering the substance of the cross-appeal or implications of the District Court's orders on other insurers impacted by the same.