**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1748
_____

ZENITH INSURANCE COMPANY,
Appellant

v.

MARTIN P. NEWELL, JR.;
M.P.N., INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:20-cv-03878)
District Judge: Honorable Wendy Beetlestone
_____

Argued June 15, 2023
_____

Before: PORTER, FREEMAN, and FISHER,
*Circuit Judges*.

(Filed: August 24, 2023)
_____

Sharon F. McKee
Ronald P. Schiller    **[ARGUED]**
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
18th & Cherry Streets, 27th Floor
Philadelphia, PA 19103

*Counsel for Appellant*

Jeffrey J. Vita         **[ARGUED]**
Rachel S. Pearson
Saxe Doernberger & Vita
35 Nutmeg Drive
Suite 140
Trumbull, CT 06611

*Counsel for Appellee*

_____

OPINION OF THE COURT

_____

PORTER, *Circuit Judge.*

Zenith Insurance Company asked the District Court to declare that it is not contractually obligated to defend its insured, M.P.N., Inc., against a workplace liability lawsuit. Instead, in a partial summary judgment, the District Court declared that "Zenith has a duty to defend M.P.N., Inc. in connection with the underlying action." App. 2. Because the District Court did not rule on all of the claims before it, that order is not final and cannot be appealed under our usual source of jurisdiction, 28 U.S.C. § 1291.

Zenith appealed anyway. It claims we can consider its challenge to the District Court's declaration under 28 U.S.C. § 1292(a)(1), which permits appeals from non-final orders that relate to injunctive relief. According to Zenith, the District Court has required that it defend M.P.N. and can enforce that edict through contempt sanctions. We disagree. The rule in our Circuit is that purely declaratory orders are not injunctive and cannot be enforced by contempt. Absent some other hook for immediate appealability, parties cannot appeal these orders under § 1292(a)(1). So we will dismiss Zenith's appeal for lack of jurisdiction.

I

Appellee M.P.N., Inc., manufactures radiators at a plant in Philadelphia. Jerry Mercer, Jr. worked at M.P.N. from 2015 to 2017. In 2019, Mercer sued M.P.N. in the Court of Common

Pleas of Philadelphia County.[1] According to Mercer's complaint, M.P.N. concealed blood test results showing that he had dangerously high levels of zinc and lead after he was exposed to lead and cadmium on the job. A physician advised M.P.N. to remove Mercer from work due to the results, but M.P.N. ignored the advice. As a result, Mercer spent another year working at M.P.N. and suffered permanent and avoidable brain damage.

By its terms, the Pennsylvania Workers' Compensation Act is the "exclusive" source of employer liability for suits relating to workplace injuries suffered by employees. 77 Pa. Cons. Stat. §§ 1, 481(a). Mercer argues in Count I of his lawsuit that he can recover from M.P.N. under a "fraudulent misrepresentation" exception recognized by the Pennsylvania Supreme Court. *See Martin v. Lancaster Battery Co., Inc.*, 606 A.2d 444, 448 (Pa. 1992). Mercer's complaint also includes claims for medical monitoring costs, battery, and intentional infliction of emotional distress.[2]

---

[1] Mercer's son was also a plaintiff in the case but is no longer a party. The Mercers also sued appellee Martin P. Newell, M.P.N.'s owner. The District Court found that Newell is not covered by Zenith's policy, and neither Newell nor M.P.N. appeals that determination.

[2] In July 2022, the Pennsylvania Supreme Court dismissed Counts II-IV of Mercer's lawsuit with prejudice. Zenith argues that some of the underlying allegations in those counts are relevant to whether it has, or ever had, a duty to defend M.P.N. For the reasons discussed below, we lack jurisdiction to consider this issue.

In July 2019, M.P.N. tendered the Mercer lawsuit to its insurer, Zenith. Under the insurance policy Zenith issued to M.P.N., Zenith agreed to pay damages incurred "because of bodily injury to" employees of M.P.N. arising "out of and in the course of the injured employee's employment."[3] App. 255; *see id.* (policy stating that one requirement of coverage is that "[b]odily injury by disease must be caused or aggravated by the conditions of your employment."). Zenith also agreed "to defend," at its own expense, "any claim" against M.P.N. "for damages payable by this insurance." App. 256. But when M.P.N. asked for coverage, Zenith declined. It cited policy provisions excluding coverage for "[b]odily injury intentionally caused or aggravated" by the insured and for claims payable under the Pennsylvania Workers' Compensation Act. App. 55–56 (¶ 29) (quoting App. 256). Unsurprisingly, M.P.N. did not agree that Mercer's lawsuit was not covered.

At an impasse, Zenith sued M.P.N. in the District Court under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. It requested a declaration that "Zenith does not have a duty to defend or indemnify MPN . . . in the Mercer Action" and eventually moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). App. 63; Dist. Ct. ECF No. 24-4 at 1. M.P.N. answered, counterclaimed for breach of contract and bad faith, and requested its own declaratory judgment. It then moved for partial summary judgment under

---

[3] Zenith issued M.P.N. three identical, one-year insurance policies. We refer to them in the singular—"the policy"—for simplicity's sake.

Federal Rule of Civil Procedure 56(c), asking for a declaration that "Zenith is obligated to defend" and "reimburse" M.P.N. "for all defense fees and costs incurred from the date of tender to Zenith." Dist. Ct. ECF. No. 23-3 at 1. M.P.N. did not ask the District Court to rule on indemnification or breach of contract.

The District Court partially granted M.P.N.'s motion. It explained that "Mercer Jr.'s *Martin* claim potentially comes within the scope of the Policy, and Zenith is therefore obligated to tender a defense." App. 19. And on March 19, 2021, it docketed the following order:

> Zenith has a duty to defend M.P.N., Inc. in connection with the underlying action *Mercer v. Newell, et al.*, June Term 2019, No. 7041, filed in the Philadelphia Court of Common Pleas.

App. 2.[4] Zenith appealed the March 19 order to this Court.

After it appealed, Zenith asked the District Court to enter partial final judgment under Federal Rule of Civil Procedure 54(b) or, in the alternative, to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b). Dist. Ct. ECF No. 36. The court declined. Dist. Ct. ECF No. 40. It characterized the request as one for "leave to appeal the Court's March 19, 2021 Order granting partial summary judgment in

---

[4] The court also declared that "Zenith has no duty to defend or indemnify Martin P. Newell, Jr. in connection with the underlying action." App. 2. As discussed, this portion of the order—which granted Zenith's Rule 12(c) motion in part—is not at issue on appeal.

favor of [] MPN [] and ordering Zenith to provide a defense to MPN" *Id.* at n.1. The court also rejected Zenith's motion to stay the order pending appeal under Federal Rule of Civil Procedure 62(d). Dist. Ct. ECF No. 41.

Finally, M.P.N. filed a motion stating that "Zenith has neither assumed MPN's defense nor reimbursed MPN" and asking the court to require compliance. Dist. Ct. ECF No. 46 at 1–2. The District Court denied the motion. Dist. Ct. ECF No. 47. In an order docketed on July 27, 2021, it stated:

> The March 19 Order is currently on appeal in the Third Circuit. Pursuant to that Order, Zenith is required to both provide MPN with a defense in the underlying action and reimburse MPN for defense fees and costs incurred in the state litigation. Zenith refuses to comply. . . . This Court awaits a decision of the Third Circuit before taking any further action.

*Id.* at n.1.

## II

Zenith and M.P.N. are citizens of different states and the amount in controversy exceeds $75,000, so the District Court had subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Zenith argues that this Court has appellate jurisdiction because the District Court's "March 19, 2021 Order is appealable as of right as an injunction under 28 U.S.C. § 1292(a)(1)." ECF 4-1 at 1. Zenith adds that the District Court's July 27 order "confirmed" the "injunctive nature" of the March 19 order. Appellant's Br. 6. We always have jurisdiction to consider our

7

own jurisdiction, and our review is plenary. *Aleynikov v. Goldman Sachs Grp., Inc.*, 765 F.3d 350, 355–56 (3d Cir. 2014).

III

We do not have jurisdiction over Zenith's appeal. The March 19 order is not final, so it is not appealable under 28 U.S.C. § 1291.[5] Nor is it immediately appealable under § 1292(a)(1), because it does not have the practical effect of granting or denying injunctive relief. We will therefore dismiss

---

[5] Read naturally, the text of the Declaratory Judgment Act, which Zenith sought relief under, provides that all declaratory judgments are final and immediately appealable under 28 U.S.C. § 1291. *See* 28 U.S.C. § 2201(a) ("Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."). But declaratory judgments that leave other claims for relief unresolved are not immediately appealable. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742 (1976). Zenith's request for a declaration about its duty to indemnify M.P.N. remains pending in the District Court, along with M.P.N.'s request for indemnification and breach of contract and bad-faith claims. So, the text of § 2201(a) notwithstanding, the March 19 order does *not* "have the force and effect of a final judgment" and is *not* "reviewable as such." *See Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 211 (3d Cir. 2001) (declaratory judgments not immediately appealable when they leave "open significant issues relating to damages and other relief.").

8

the appeal without considering the merits of Zenith's arguments.

A

As we recently explained in *Zurn Indus., LLC v. Allstate Ins. Co., et al.*, the general rule of appellate jurisdiction is that federal courts of appeals can only review the final decisions of district courts. --- F.4th ----, 2023 WL 4835137, at *3 (3d Cir. July 28, 2023). There are several limited exceptions. One of them, 28 U.S.C. § 1292(a)(1), authorizes the courts of appeals to review non-final orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." This exception is "narrow," *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272, 1276 (3d Cir. 1991), and the Supreme Court approaches it "somewhat gingerly[,] lest a floodgate be opened that brings into the exception many pretrial orders." *Switz. Cheese Ass'n., Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24 (1966); *see also Zurn*, 2023 WL 4835137, at *3.

Section 1292(a)(1)'s plain text gives courts of appeals jurisdiction over orders expressly granting or refusing injunctions. But orders that have the "practical effect" of granting or denying injunctive relief—even if they do not say so explicitly—may also be immediately appealable. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83–84 (1981). We use a "functional test" to determine whether an order is effectively injunctive. *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 669–70 (3d Cir. 2016). That test asks whether the order (1) is "directed to a party," (2) may be enforced by contempt, and (3) is "designed to accord or protect some or all of the substantive

relief sought by a complaint in more than a [temporary] fashion." *Zurn*, 2023 WL 4835137, at \*3 (quoting *Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989) (quotation marks omitted)). When an interlocutory order has the practical effect of granting an injunction, we have jurisdiction to review it. *Saudi Basic Indus. Corp. v. Exxon Corp.*, 364 F.3d 106, 111 (3d Cir. 2004). When an interlocutory order has the practical effect of denying an injunction, a movant may obtain immediate appellate review by satisfying the three-part functional test and making two additional showings: the risk of "a serious, perhaps irreparable consequence" and that the order can be "effectually challenged only by immediate appeal." *Id.* (quoting *Carson*, 450 U.S. at 84) (internal quotation marks omitted).[6]

---

[6] In *Abbott v. Perez*, the Supreme Court held that the "'practical effect' rule" applies to orders issued under 28 U.S.C. § 1253, a provision it deemed "analogous" to § 1292(a)(1). 585 U.S. __, 138 S. Ct. 2305, 2319–21 (2018). The Court took jurisdiction only after determining that the orders appealed from (1) effectively granted injunctive relief, (2) risked irreparably harming the State of Texas, and (3) could only be effectually challenged through an immediate interlocutory appeal. *Id.* at 2324. The Court also explained that there is "[n]o authority" for the proposition that "an order denying an injunction (the situation in *Carson*) and an order granting an injunction (the situation here) should be treated differently." *Id.* at 2321 (citing *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)).

*Abbott* may undercut our cases that treat orders effectively denying injunctive relief differently from orders effectively granting it. We have long held that parties appealing an

10

Perhaps due to a misreading of our cases, insurers in our Circuit and others commonly seek immediate appellate review of orders that merely announce the meaning of a contested policy provision and do nothing else. But years ago, in *Am. Motorists Ins. Co. v. Levolor Lorentzen, Inc.*, we were clear that when a court defines an insurer's contractual obligations but does "not order it to undertake the defense" or "do anything," the court's order "cannot be enforced pendente lite by contempt and [does] not constitute an injunction." 879 F.2d 1165, 1173 (3d Cir. 1989). That well describes the March 19 order, which simply states that "Zenith has a duty to defend M.P.N., Inc. in connection with the underlying action." App. 2. Zenith insists that it might face contempt for failing to comply, but *American Motorists* holds exactly the opposite. Applying *American Motorists*, we conclude that we lack jurisdiction over Zenith's appeal.

---

effective grant of injunctive relief need not show that the interlocutory order has a "serious, perhaps irreparable, consequence" and "can be 'effectually challenged' only by immediate appeal." *Saudi Basic Indus. Corp v. Exxon Corp*, 364 F.3d 106, 111 (3d Cir. 2004) (quoting *Carson* and collecting cases). The Eleventh Circuit has rejected such a distinction, citing *Abbott*. *Positano Place at Naples I Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 71 F.4th 827, 835–36 & n.5 (11th Cir. 2023). Nevertheless, because we hold that the March 19 order is not enforceable by contempt and therefore does not have the practical effect of granting injunctive relief, we need not consider whether the rule we described in *Saudi Basic Industries*—which neither party questions—has been abrogated.

Zenith argues otherwise, invoking *Ramara*. *See* 814 F.3d at 665. In *Ramara,* the insurer wanted to appeal a non-final order that stated: "prospectively, [the insurer] shall provide defense to Ramara in the underlying action." *Id.* at 669 (alterations and citation omitted). Interpreting the order by its terms, we concluded that it was a mandatory injunction because it directed Westfield to defend Ramara. *Id.* at 671–72. ("[T]he order also directed Westfield to defend Ramara going forward and thus it granted equitable relief and was immediately appealable."). We noted, too, that the order granted "forward-looking monetary relief," *id.* at 671, just like the order we found immediately appealable in *Aleynikov*. 765 F.3d at 356 & n.1 (allowing appeal under § 1292(a)(1) of order that, inter alia, ordered party to pay legal fees under supervision of magistrate judge). Satisfied that the order in *Ramara* was punishable by contempt and met the other elements of an injunction, we allowed the appeal under § 1292(a)(1). 814 F.3d at 672.

The March 19 order that Zenith seeks to appeal is everything like the order in *American Motorists* and nothing like the orders in *Ramara* and *Aleynikov*. It announces that Zenith has a "duty to defend" under the policy it issued M.P.N., but it does not direct Zenith to begin defending or to advance any costs. *See* App. 2. To restate the rule of *American Motorists*, orders declaring the meaning of a contract are not enforceable by contempt unless the district court explicitly provides as much or mandates, in the text of the order, that some action be taken to effectuate the declaratory relief. 879 F.2d at 1173. That is what happened in *Ramara* and *Aleynikov*, but it is not what happened here. The March 19 order "did not direct [Zenith] to do anything," so it is not enforceable by

contempt and therefore cannot be appealed under § 1292(a)(1).[7] *Id.*

B

On July 27, 2021—after Zenith appealed—the District Court denied M.P.N.'s motion to enforce the March 19 order. Dist. Ct. ECF No. 47. "Pursuant to that Order," the court explained in a footnote, "Zenith is required to both provide MPN with a defense in the underlying action and reimburse MPN for defense fees and costs." *Id.* at n.1. Zenith argues that the footnote to the July 27 order "confirmed" the "injunctive nature of the March 19 [o]rder." Appellant's Br. 6. We disagree. In *Ramara*, we explained that "a district court's characterization of its order is not dispositive." 814 F.3d at 669. "[W]hat counts is what the court actually did, not what it said it did." *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 86–87 (1974)). And what the District Court did in the March 19 order was declare that the policy Zenith issued M.P.N. requires Zenith to defend M.P.N. against the Mercer lawsuit. App. 2.

_____

[7] As Zenith points out, in *Nautilus Ins. Co. v. 200 Christian St. Partners LLC*, 819 Fed. App'x. 87, 88 (3d Cir. July 16, 2019) (not precedential), we took jurisdiction under § 1292(a)(1) over an order that stated: "Nautilus has a duty to defend Defendants in the underlying suits until it is clear that there is no longer a possibility of a product-related tort claim." *See Nautilus Ins. Co. v. 200 Christian St. Partners LLC,* No. 2:18-cv-01545-RBS, ECF No. 47 at 1 (E.D. Pa. Jan. 30, 2019). We must instead follow *American Motorists* because it decided precedentially that a nearly identical order was not appealable under § 1292(a)(1).

As discussed, that declaration is not appealable under § 1292(a)(1) and *American Motorists*.

At oral argument, Zenith took this theory a step further. It insisted that "[t]here's no question that in response to [the July 27] order, we would have been subject to contempt if we didn't . . . comply." Oral Arg. at 4:30–55. M.P.N., which has never contested appellate jurisdiction, agreed. *Id.* at 13:55–14:40.

The footnote to the District Court's July 27 order does not give us appellate jurisdiction. Once Zenith filed its notice of appeal on April 15, 2021, the District Court lost jurisdiction "over those aspects of the case involved in the appeal." *Coinbase v. Bielski*, 599 U.S. ----, 143 S. Ct. 1915, 1919 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), and citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)). So nothing in the July 27 order could have had any legal effect on the duty-to-defend issue addressed in the March 19 order and in Zenith's appeal to our Court.[8] The District Court appeared to recognize as much. At least twice after Zenith filed its appeal, including in

---

[8] Zenith also failed to appeal the July 27 order. It obviously did not designate it in its notice of appeal because the July 27 order did not exist yet. *See* Fed. R. App. P. 3(c)(1) ("The notice of appeal must," inter alia, "designate the judgment—or the appealable order—from which the appeal is taken."). Rule 3's "dictates are jurisdictional in nature, and . . . a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992). Nor did Zenith file a new notice of appeal, amend its old one, or make any argument about why the July 27 order was properly before us.

14

the very footnote Zenith trumpets, the District Court denied motions and explained, "[t]his Court awaits a decision of the Third Circuit before taking any further action." Dist. Ct. ECF Nos. 40 n.1 & 47 n.1.

IV

In 1989, we explained that orders declaring the meaning of a contract are not enforceable by contempt unless the district court explicitly provides as much or, in the text of the order, directs that some action be taken to effectuate the declaratory relief. *American Motorists*, 879 F.2d at 1173. That rule honors the narrow finality exception that Congress enumerated in 28 U.S.C. § 1292(a)(1). Because Zenith seeks to challenge an order that did not direct it to undertake a defense, advance or reimburse costs, or do anything at all, we lack appellate jurisdiction. We will therefore dismiss the appeal.