**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2297
_____

UNITED RENTALS NORTH AMERICA INC

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 2-19-cv-17169)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on
December 6, 2023

Before: SHWARTZ, CHUNG, and McKEE, *Circuit Judges*

(Opinion filed: January 26, 2024)
_____

OPINION*
_____

McKEE, *Circuit Judge*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Defendant appeals an order granting partial summary judgment on its declaratory judgment claim. The District Court declared that Defendant "is obliged to defend" Plaintiff in another proceeding and "must reimburse" Plaintiff for any costs Plaintiff has already incurred in defending that proceeding pursuant to the terms of an insurance policy.[1]

The order did not dispose of all the claims in the case. Moreover, the District Court did not certify the order as final under Federal Rule of Civil Procedure 54(b). Accordingly, we do not have appellate jurisdiction under 28 U.S.C. § 1291. Defendant attempts to pirouette around this bar by arguing that the District Court's order effectively grants injunctive relief and, therefore, comes within our appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). We disagree.

## I.[2]

Defendant is correct that an order can be injunctive even when it does not appear to be on its face.[3] But to be injunctive, an order must satisfy certain requirements.[4] An

---

[1] App. 18.

[2] "We always have jurisdiction to consider our own jurisdiction, and our review is plenary." *Zenith Ins. Co. v. Newell*, 78 F.4th 603, 606 (3d Cir. 2023) (citation omitted).

[3] *See Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 669 (3d Cir. 2016) ("In a determination of whether an order is injunctive, . . . what counts is what the court actually did, not what it said it did.").

[4] *Zurn Indus., LLC v. Allstate Ins. Co.*, 75 F.4th 321, 326–27 (3d Cir. 2023) ("Under a functionalist approach, an order is an injunction if it is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than a temporary fashion.") (internal quotation marks and brackets omitted) (quoting *Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989) (en banc)).

order that merely "defines an insurer's contractual obligations" is not injunctive.[5] As we recently reiterated, an order declaring the meaning of a contract is injunctive only if it either "explicitly provides" that it is "enforceable by contempt" or "mandates, in the text of the order, that some action be taken to effectuate the declaratory relief."[6]

Here, the District Court's order does neither. The order states that Defendant "must reimburse" Plaintiff for previously incurred defense costs.[7] But this mandate— which merely "compels the payment of money that is past due or compels specific performance of a past due monetary obligation"—reflects a *legal* remedy, not an injunctive remedy.[8] The remainder of the order states that Defendant "is obliged to defend" Plaintiff.[9] The District Court's use of passive voice makes it difficult to read this portion of the order as a mandate.

Indeed, the District Court's order is indistinguishable from the orders in *American Motorists Insurance Co. v. Levolor Lorentzen, Inc.*,[10] *Zurn Industries, LLC v. Allstate Insurance Co.*,[11] and *Zenith Insurance Co. v. Newell*.[12] In each of those cases, we

---

[5] *Newell*, 78 F.4th at 608.
[6] *Id.* at 609.
[7] App. 18.
[8] *Aleynikov v. Goldman Sachs Grp., Inc.*, 765 F.3d 350, 356 (3d Cir. 2014) (citing *Pell v. E.I. DuPont de Nemours & Co. Inc.,* 539 F.3d 292, 307 (3d Cir. 2008)).
[9] App. 18.
[10] 879 F.2d 1165, 1173 (3d Cir. 1989) (order reciting that "the motion for partial summary judgment brought by [the defendant] with respect to the issue of the obligation [of the plaintiff] to provide a defense is granted").
[11] 75 F.4th at 325 (ordering that a motion for partial summary judgment be granted "insofar as [the plaintiff] seeks a declaration that [the defendant] must pay defense costs").
[12] 78 F.4th at 606 (ordering that the plaintiff "has a duty to defend" the defendant).

determined that an interlocutory declaratory judgment order could not be construed as injunctive.

On the other hand, the District Court's order is unlike the orders in *Aleynikov v. Goldman Sachs Group, Inc.*[13] and *Ramara, Inc. v. Westfield Insurance Co.*,[14] which are the two Third Circuit precedents Defendant cites in support of its argument.[15] In *Aleynikov*, the order not only defined one party's obligation to defend the other but also appointed a magistrate judge to supervise the first party's payments of the second party's defense costs on an ongoing basis.[16] And in *Ramara*, the appealed order was not an order entering declaratory relief at all, but a subsequent order effectuating a previously issued declaratory judgment.[17] Accordingly, as in *American Motorist*, *Zurn*, and *Newell*, we lack appellate jurisdiction to review the District Court's interlocutory order.[18]

## II.

For these reasons, we will dismiss the appeal.

---

[13] 765 F.3d 350 (3d Cir. 2014).

[14] 814 F.3d 660 (3d Cir. 2016).

[15] Defendant also cites our nonprecedential opinion in *Nautilus Insurance Co. v. 200 Christian Street Partners, LLC*, 819 F. App'x 87 (3d Cir. 2020), as well as a number of cases from other courts of appeal. But as we explained in *Newell*, whatever persuasive value *Nautilus* could have had is nullified by our prior contrary and precedential decision in *American Motorists*. *See Newell*, 78 F.4th at 609 n.7. And we see no need to resort to the precedents of other courts when our own precedents clearly and comprehensively address the issue at hand.

[16] 765 F.3d at 356 n.1.

[17] 814 F.3d at 668.

[18] We lack appellate jurisdiction for a second reason. Because the underlying actions have been resolved, and thus the need for prospective relief no longer exists, the order addressing the duty to defend is not immediately appealable. *Selective Ins. Co. of Am. v. Westfield Ins. Co.*, 73 F.4th 239, 242-44 (4th Cir. 2023).