**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2558
_____

EAST BRUNSWICK BOARD OF EDUCATION,
Appellant

v.

D.S. and M.S., o/b/o A.S.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-21-08279)
District Judge: Honorable Brian R. Martinotti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 14, 2025

Before: PHIPPS, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: April 8, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

The East Brunswick Township Board of Education ("the Board") appeals the District Court's order granting in part and denying in part M.S. and D.S.'s motion for summary judgment in this matter regarding their child's education. For the following reasons, we will dismiss the appeal for lack of jurisdiction.

**I.**

M.S. and D.S.'s child, A.S., became eligible for special education and related services in 2005 when she was in preschool. In the ensuing years, she was diagnosed with a learning disability and anxiety, mood, and language disorders.

Starting in 2017, the parents and the Board had a series of disagreements about A.S.'s education. Due to those disagreements, the parents unilaterally placed A.S. in a private school in 2019. They filed an administrative action against the Board in June 2019, and an Administrative Law Judge ("ALJ") issued a final decision in their favor in January 2021. The ALJ ordered the Board to reimburse the parents for the costs of the private school, develop an Individualized Education Program consistent with A.S.'s placement at the private school, and provide A.S. with 50 hours of compensatory education.

In April 2021, the Board appealed the administrative decision by filing a complaint against the parents in the District Court. The parents then filed counterclaims pursuant to the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973, and 42 U.S.C. § 1983. For each counterclaim, they sought an

2

award for attorney's fees and costs that they incurred during the administrative proceeding and the federal court action. They also sought other relief, including enforcement of the administrative decision and a declaration that they were the prevailing party in the administrative action.

In July 2023, the District Court granted in part and denied in part the parents' motion for summary judgment. It granted summary judgment in favor of the parents on the Board's appeal, affirming the administrative decision. However, the District Court denied summary judgment on the parents' counterclaims without prejudice. It explained that the parents had not supported their counterclaims with reference to the statutory requirements, leaving the Court "unable to determine an appropriate award of fees, if any are warranted at all." App. 33 (citing *McKenna v. City of Philadelphia*, 582 F.3d 447, 459 (3d Cir. 2009), which explained that the party claiming fees in a statutory fees case must submit evidence of the hours worked and rates claimed).

One week later, the parents moved for reconsideration of the order denying their counterclaims. They asserted that they had not filed a formal application for fees with their summary-judgment motion because the District Court had not yet adjudicated the substance of their claims. They further asserted that they needed the District Court to declare them the prevailing party, which is a statutory prerequisite for IDEA fee awards.

While the parents' motion for reconsideration was pending, the Board filed a notice of appeal from the summary-judgment order. The next week, the District Court denied the motion for reconsideration, noting that the parents may file a formal motion

3

for attorney's fees and costs after resolution of the Board's appeal of the summary-judgment order.

## II.[1]

Before turning to the merits of this case, we must be satisfied that we have appellate jurisdiction. *Metro Transp. Co. v. N. Star Reinsurance Co.*, 912 F.2d 672, 675 (3d Cir. 1990). "We always have jurisdiction to consider our own jurisdiction," and we give jurisdictional questions plenary review. *Zenith Ins. Co. v. Newell*, 78 F.4th 603, 606 (3d Cir. 2023).

The parties seek to invoke 28 U.S.C. § 1291, which gives us jurisdiction over "all final decisions of the district courts."[2] "A 'final decision' is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157, 174 (3d Cir. 2023) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)), *cert. denied*, 144 S. Ct. 549 (2024). And there is no final decision "if claims remain unresolved and their resolution is to occur in the district court[,] . . . whether the unresolved claim was asserted in the plaintiff's complaint or was pleaded as a counterclaim or a cross-claim." *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 557 (3d Cir. 1997) (cleaned up).

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331.

[2] The parties have invoked no alternative basis for our jurisdiction, and none applies to this appeal.

The District Court's summary-judgment order is not a final decision because it did not resolve the parents' counterclaims. After obtaining some relief in the administrative proceeding, the parents turned to the District Court for additional relief. For one, in their counterclaim under the IDEA, they seek attorney's fees that a district court may award "to a prevailing party" in an IDEA action or proceeding "who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). This counterclaim is distinct from the Board's appeal of the administrative order. *Cf. D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 563–64 (3d Cir. 2010) (reviewing a final judgment in which parents brought a standalone IDEA claim for attorney's fees after prevailing in an administrative proceeding). And the District Court has yet to rule on the merits of this counterclaim— i.e., to decide whether the parents were the prevailing party or whether they should receive attorney's fees—or the other two counterclaims the parents brought.[3] Thus, the order the Board seeks to appeal is not a final decision.

\*     \*     \*

For the reasons set forth above, we will dismiss the appeal for lack of jurisdiction.

---

[3] Indeed, after the District Court entered its summary-judgment order (but before the Board filed its notice of appeal), a magistrate judge contacted the parties about scheduling a settlement conference or a final pretrial conference regarding the claims not resolved in the summary-judgment order. And the District Court's docket reveals that the parties participated in an unsuccessful settlement conference during the pendency of this appeal.